06-321 SEC:smm

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SANDRA A. MITTON | : | |
| | : | |
| VS. | : | C.A. 07-028-S |
| | : | |
| KIM M. JOLLY and | : | |
| RICHARD E. SPENCER | : | |

DEFENDANTS' MOTION TO DISMISS or IN THE ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT

Now come the Defendants, Kim M. Jolly and Richard E. Spencer, in the above-captioned matter and move for an order dismissing the plaintiff's complaint pursuant to rules 12(b) and 41(d) of the Federal Rules of Civil Procedure, or in the alternative pursuant to rule 56 requesting summary judgment in their favor. As grounds therefore, the Defendants rely upon the Memorandum of Law attached hereto.

/s/ Sharon E. Collins-Abbott
Sharon E. Collins-Abbott (RI Bar: 4985)
LAW OFFICES OF AMY BERETTA
211 Quaker Lane – 1st Floor
West Warwick, RI 02893
(401) 821-0188
(401) 821-7410 (fax)
scollinsabbo@metlife.com

## CERTIFICATION

I, the undersigned, hereby certify that on the 7th day of March, 2007 I did send a true copy of the within Motion by electronic means (ECF) to:

ttarro3rd@tarrolawfirm.com

/s/ Sharon E. Collins-Abbott
Sharon E. Collins-Abbott (RI Bar: 4985)
LAW OFFICES OF AMY BERETTA
211 Quaker Lane – 1st Floor
West Warwick, RI 02893
(401) 821-0188
(401) 821-7410 (fax)
scollinsabbo@metlife.com

06-321 SEC:smm

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SANDRA A. MITTON | : | |
| | : | |
| VS. | : | C.A. 07-028-S |
| | : | |
| KIM M. JOLLY and RICHARD E. SPENCER | : | |

**KIM M. JOLLY and RICHARD E. SPENCER'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF'S COMPLAINT**

**I. Facts.**

This action arises out of an incident that occurred on or about December 22, 2005 involving an automobile accident which occurred in Coventry, Rhode Island between a vehicle operated by the plaintiff and a vehicle owned by defendant, Richard E. Spencer, and operated by his daughter, Defendant, Kim M. Jolly. The plaintiff filed a complaint alleging negligence against the Defendant on January 24, 2007. Service was made upon Defendants, Kim M. Jolly and Richard E. Spencer, by service upon the Rhode Island Registry of Motor Vehicles on January 26, 2007.

The plaintiff alleges that this Court has jurisdiction based upon 28 USC section 1332, Diversity of Citizenship; amount in controversy; costs.

A. Damages.

Defendants have received copies of the purported medical bills and reports supporting Plaintiff's claim for injuries in this case. (See Exhibits A, B, C, and D, Plaintiff's Medical Reports and Bills (personal information redacted)). Plaintiff sustained a soft tissue neck and back injury and was taken by rescue to Kent County Memorial Hospital on December 22, 2005. (See Exhibits A and B). She was treated and released

by the hospital and diagnosed with a left shoulder contusion and neck and dorsal strain and given a prescription for Percocet. (See Exhibit B). Films of the left shoulder, chest, left clavicle and left ribs were all negative and films of her thoracic spine showed mild degeneration. (See Exhibit B).

She returned for further treatment to Kent County Memorial Hospital on December 23, 2005, since the films of her cervical spine revealed a possible abnormality at C4-5 and C1-2 and a CT scan was recommended . (See Exhibit B). The CT scan of her cervical spine was negative and she was released and diagnosed with acute myofascial cervical strain. (See Exhibit B).

She also had one visit with West Bay Orthopedics, Dr. Yakavonis, on January 3, 2006. (See Exhibit C). Upon exam, there was no evidence of active muscle spasm or neurological deficit. (See Exhibit C). Dr. Yakavonis noted that she had stopped taking the Percocet due to stomach upset. (See Exhibit C). Dr. Yakavonis saw no need for further diagnostic testing and diagnosed her with post traumatic cervical/left sided scapulothoracic strain and post traumatic lumbosacral strain. (See Exhibit C). He recommended Advil two to three times per day for the next one-two weeks and the application of moist heat and performing gentle home flexibility exercises. (See Exhibit C). He then discharged her from care, return if appreciable discomfort continued beyond that point in time. (See Exhibit C).

She then sought treatment at Manzolillo Chiropractic and obtained 24 treatments from January 11, 2006 to May 1, 2006 for complaints of headache, neck pain and low back pain, as well as bilateral knee pain. (See Exhibit D). On January 11, 2006, Plaintiff was discharged by the chiropractor and orthopedic and neurological testing was negative.

There were no muscle or sensory deficits noted on exam, although the plaintiff still had some complaints of tightness in her neck and upper and lower back. (See Exhibit D).

Plaintiff's claim value consists of her total medical bills, lost wages, lost earning capacity, and pain and suffering. Plaintiff has submitted medical bills to date of $7,974. (See Exhibits A, B, C, and D). The plaintiff was not employed at the time of the accident and, according to the complaint filed by the Plaintiff, no lost wages or lost earning capacity claim is being made. Plaintiff treated over the course of 18 weeks and her chiropractor found her to be totally disabled during the period from January 1, 2006 through to May 1, 2006. (See Exhibit D). There have been no claims by any doctors that the Plaintiff's condition merits any permanent injury or permanent impairment rating, or that she requires any additional medical treatment in the foreseeable future and Plaintiff has not treated since May 1, 2006.

**II. <u>Procedural Posture.</u>**

Defendants move to dismiss plaintiff's complaint or in the alternative for summary judgment pursuant to F.R.C.P. 12(b), 41 and 56(c) based upon the fact that the plaintiff has failed to establish jurisdiction in this court pursuant to 28 U.S.C. section 1332.

**III. <u>Argument.</u>**

***A) Defendants are entitled to dismissal of plaintiff's complaint pursuant to F.R.C.P. 12(b) and 41(d), as Plaintiff has failed to meet the jurisdictional threshold of $75,000.00.***

A defendant may move to dismiss an action against him for lack of federal subject matter jurisdiction. *See* F.R.C. P. 12(b)(1) (1992 and supp. 2004). The party asserting jurisdiction has the burden of demonstrating its existence. *See Rivera v. State Ins. Fund*

*Corp.*, 410 F.Supp.2d. 57-58 (D.P.R. 2006); s*ee also Skwira v. United States,* 344 F.3d. 64, 71 (1st Cir. 2003) (citing *Murphy v. United States*, 45 F.3d. 520, 522(1st Cir. 1995)).

Rule 12b(1) is a "large umbrella" overspreading a variety of different types of challenges for subject matter jurisdiction, including likeness, mootness, the existence of a federal question, diversity, and sovereign immunity. *Valentin v. Hosp. Bella Vista,* 254 F.3d. 358, 362-363 (1st Cir. 2001). A moving party may mount a "sufficiency challenge", taking the plaintiff's "jurisdictionally – significant facts as true" and requiring the Court to "assess whether the plaintiff has propounded an adequate basis for subject – matter jurisdiction". *Id.* at 363. Alternatively, when the jurisdictional facts are distinct from the case's merits, a moving party can build a "factual challenge" in which the Court addresses "the merits of the jurisdictional claim by resolving the factual disputes between the parties". *Id.*

28 U.S.C. Section 1332 provides in part that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. Section 1332 a(1).

The United States District Courts have held that in situations where there is a dispute over an amount in controversy, the Court will follow "the preponderance of the evidence" standard, because the Court is not required to leave its common sense behind when ascertaining the proper amount in controversy. *See Crosby v. CVS Pharmacy, Inc.* 409 F.Supp.2d. 665 (D.S.C. 2005). The preponderance burden forces a party to produce evidence that establishes that the actual amount on controversy exceeds $75,000. *Id.* (citing *DeAguliar v. Boeing Co.*, 47 F.3d. 1404, 1412 (5th Cir. 1995); s*ee also Sayre v. Potts*, 32 F.Supp.2d. 881, 886 (S.D.W.Va. 1999) ("to satisfy this burden, a defendant

must offer more than a mere allegation that the amount in controversy exceeds $75,000", where the court reviewed a defendant's request for removal)). Allowing removal under a less stringent standard would result in removal of almost any case in which the plaintiff sought punitive damages, thus effectively eviscerating the amount in controversy requirement. *Id.* at 668 (citing *Spann*, 171 F.Supp.2d. at 610).

In the Crosby case, the Court held that the description of the nature or extent of the plaintiff's injuries, amount of medical expenses incurred and the amount of time the plaintiff may have missed from work was not itemized and, therefore, the Court could not speculate as to the possible damages and whether they would exceed the jurisdictional amount. *Id.* As a result, the motion to remand to state court was granted. *Id.* at 668-669.

However, in the case of *Harvard Real Estate – Allston, Inc. v. Kmart Corp.*, 407 F.Supp.2d. 317, 321 (D.Mass. 2005), the District Court of Massachusetts remanded a case for lack of diversity jurisdiction, finding that the assertion by the defendant of diversity jurisdiction was without merit, because it was apparent, to a legal certainty, that the amount actually in controversy did not meet the requisite threshold.

Lastly, in the case of *Absolute Machine Tools v. Clancy Machine Tools, Inc.*, 410 F.Supp.2d. 665 (N.D. Ohio 2005), the United States District Court for the Northern District of Ohio found that in reviewing a Motion to Dismiss for lack of subject matter jurisdiction, the District Court was allowed to probe the facts and assess the validity of its own jurisdiction. In doing so, the Court has wide discretion to consider affidavits and documents outside the pleadings, and could even conduct a limited evidentiary hearing, if necessary. *Absolute Mach.* at 668 (citing *Ohio National Life Ins. Co. v. The United States*, 922 F.2d. 320, 325 (6th Cir. 1990)). In connection with this analysis, the plaintiff bears the burden of demonstrating that the Court has and may properly exercise, jurisdiction

over the subject matter. *Id.* (citing *RMI Titanium Co.*, 78 F.3d at 1134). The Court may examine evidence of its power to hear a case, and must make any factual findings to determine whether it has jurisdiction. *Id.* (citing *Kroll v. United States*, 58 F.3d 1087, 1090 (6th Cir. 1995); *Rogers v. Stratton Inds., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)). The Court's examination of this evidence does not convert a 12(b)(1) motion into a Rule 56 motion. *Id.* (citing *Rogers*, 798 F.2d. at 915).

The *Absolute Machine* Court held that pursuant to Federal Rules of Civil Procedure, Rule 8(a)(1), and in connection with diversity jurisdiction, a plaintiff must allege in his complaint: 1) that the jurisdictional amount is met, or, 2) facts that support an inference that the jurisdictional amount has been met. *Id*. at 669. Generally, a plaintiff's allegation that the jurisdictional amount has been met is alone sufficient, unless appropriately challenged by a Rule 12(b) motion. *Id.* at 669 (citing Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction 3d. section 3702). When challenged, however, the plaintiff then has the burden to show that it does not appear "to a legal certainty that the claim is for less than the jurisdictional amount". *Absolute Mach.* at 669 (citing *Basiccomputer Corp. v. Scott* 973 F.2d. 507, 510 (6th Cir. 1992) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). The *Absolute Machine* Court found that to justify a dismissal, it must appear to a legal certainty that the aggregation of the plaintiff's claim was less than $75,000. *Id.*

In the instant case, as laid out in the factual recitation above in Section I, the Plaintiff's claim simply does not exceed $75,000, even if all benefits of the doubt are resolved in her favor and viewing it in the light most favorable to her. Plaintiff has not treated since May of 2006 and was discharged without any future medical care scheduled. In addition, no permanent condition was diagnosed nor any permanency rating assigned.

She has submitted $7,974 in medical bills and claims pain and suffering spanning less than 20 weeks. For argument's sake, viewing the Plaintiff's claim in the light most favorable to her, allowing additional time after the discharge by the chiropractor on May 1, 2006 of another 8 weeks for resolution of her symptoms, and valuing pain and suffering at an exorbitant rate of $1,000.00 per week, the total claim value does not exceed $35,000, and that value still falls far short of the $75,000 minimum required for jurisdiction in this Honorable Court. Therefore, it is to a legal certainty that this case does not satisfy the $75,000 threshold and no subject matter jurisdiction exits. Therefore, Plaintiff's claim should be dismissed.

Cases in this jurisdiction with similar factual patterns have resulted in Plaintiffs receiving verdicts much less than the $75,000.00 threshold. Numerous civil jury verdicts reported with similar accidents involving rear-end collisions and soft tissue neck and back injuries across the Rhode Island Counties evidence this fact. *See Tollefson v. Spillane*, The Verdict Reporter, Vol.17, Issue 12, p.30-31 (NC05-0027, 6/27/06)(Plaintiff who alleged serious neck and back injuries and permanent pain as a result of a rear end accident received a verdict of $8,000, exclusive of interest); *See Chapman v. Sant*, The Verdict Reporter, Vol. 18, Issue 2, p.33 (PC02-2498, 6/28/06)(Plaintiff who alleged soft tissue neck and back injuries as a result of a rear-end accident received a verdict of $4,070, which represented medical bills only); *See Coningford v. Monahan*, The Verdict Reporter, Vol.17, Issue 8, p.31-32 (KC03-0164, 12/6/05)(Plaintiff who alleged soft tissue neck and upper back injuries as a result of a rear-end accident submitting $3,990 in medical bills received a verdict of $1,594); *See Zapata v. Gomez*, The Verdict Reporter, Vol. 17, Issue 8, p.33 (PC02-6726, 11/15/05)(Plaintiff who alleged neck and back injuries as the result of a rear-end accident received a verdict of $13,761). It is clear from

a review of the recent awards in similar cases by local juries that a case of this type has a value well-below the $75,000.00 threshold required for bringing such an action in Federal Court. Therefore, it is to a legal certainty that this case does not satisfy the $75,000 threshold and Plaintiff's claim should be dismissed, as she has failed to meet her burden of proof in establishing subject matter jurisdiction.

***B) In the alternative, Defendants are entitled to summary judgment in their favor pursuant to F.R.C.P. 56 (c).***

Under Rule 56 (c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law". *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d. 265 (1986). The party asking for summary judgment "always bares the initial responsibility of informing the District Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with the Affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The movant can present evidence showing there is no dispute of the material facts, all by showing the non-moving party has failed to present evidence in support of some element of its case on which it bares the ultimate burden of proof. *Id.* at 322-323, 106 S.Ct. 2548. Once the moving party has met its burden, Rule 56(e) requires "the non-moving party to go beyond the pleadings and by his own affidavits or by the depositions, answers to interrogatories and admissions on file designates specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548. To avoid summary judgment, the non-moving party "must do more than

simply show that there is some metaphysical doubt as to the material facts”. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed. 2d. 538 (1986).

On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party’s favor. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 245, 106 S.Ct. 2505, 91 L.Ed.2d. 202 (1986). After the non-moving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Federal Rules of Civil Procedure 56(c).

In this case, in light of the undisputed facts surrounding Plainitff’s claim for damages, even if viewed in the light most favorable to the Plaintiff, Plaintiff has failed to meet her burden of meeting the $75,000.00 threshold for subject matter jurisdiction in this Honorable Court. To allow Plaintiff’s claim to remain pending in Federal Court would eviscerate the amount in controversy requirement. To a legal certainty under the facts submitted by Plaintiff to the Defendants, Plaintiff’s claim does not exceed the $75,000 threshold. Therefore, summary judgment should be granted in the Defendants’ favor.

**IV. <u>Conclusion.</u>**

Based upon the aforementioned reasons, Defendants, Richard E. Spencer and Kim M. Jolly respectfully request that this Honorable Court dismiss the plaintiff’s complaint pursuant to Federal Rules of Civil Procedure 12(b) (1) and 41, or, in the alternative, grant summary judgment and enter final judgment in their favor, for Defendants, Kim M. Jolly and Richard E. Spencer, pursuant to Rule 56(c).

/s/ Sharon E. Collins-Abbott
Sharon E. Collins-Abbott (RI Bar: 4985)
LAW OFFICES OF AMY BERETTA
211 Quaker Lane – 1st Floor
West Warwick, RI 02893
(401) 821-0188
(401) 821-7410 (fax)
scollinsabbo@metlife.com

## CERTIFICATION

I, the undersigned, hereby certify that on the 7th day of March, 2007 I did send a true copy of the within Memorandum of Law by electronic means (ECF) to:

ttarro3rd@tarrolawfirm.com

/s/ Sharon E. Collins-Abbott
Sharon E. Collins-Abbott (RI Bar: 4985)
LAW OFFICES OF AMY BERETTA
211 Quaker Lane – 1st Floor
West Warwick, RI 02893
(401) 821-0188
(401) 821-7410 (fax)
scollinsabbo@metlife.com