UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SANDRA MITTON | : | |
| | : | |
| VS. | : | C.A. NO.: 07-028S |
| | : | |
| KIM M. JOLLY & RICHARD E. SPENCER | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

NOW COMES your Plaintiff, Sandra A. Mitton, in the above-entitled matter and objects to the Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment. As grounds for her objections, Plaintiff relies on the attached Memorandum of Law which is filed contemporaneously herewith.

FACTUAL BACKGROUND

This matter arises out of an automobile accident which occurred on December 22, 2005 involving the Plaintiff, a resident of the State of Rhode Island, and the Defendant Kim Jolly, a resident of Montana, and Defendant Richard Spencer, a resident of the State of Florida. The Defendant Jolly was operating the vehicle which struck the Plaintiff's automobile in the rear on said date. The Defendant, Richard Spencer, was the registered owner of the vehicle operated by the Defendant, Jolly.

As a result of the accident, the Plaintiff suffered injuries to her neck, left shoulder, chest, and back. She was seen at the emergency room at Kent County

Memorial Hospital on the date of the accident, and subsequently treated with Dr. Vincent Yakavonis.

During this period of time, the Plaintiff had continual complaints of constant aching pain, posterior left-sided cervical pain radiating into the posterior scapulothoracic region. She also experienced a dull, aching pain across the dorsolumbar junction and was experiencing numbness into the thighs bilaterally.

As a result of the continued pain across her neck and left shoulder, the Plaintiff treated with Manzolillo Family Chiropractic Center from January 11, 2006 through May 1, 2006; a period of 18 weeks. Dr. Franzese's discharge summary indicates that the patient was improved in most areas; however, at discharge she continued to have complaints of tightness on the left side of her neck and upper back. Dr. Franzese felt that from a chiropractic medicine standpoint, the Plaintiff had reached a maximum medical improvement.

The Plaintiff continued to experience pain in her neck and left shoulder, which caused her to seek a consultation with a neurologist, Dr. Michael Olin. Pursuant to Dr. Olin's reports, dated January 31, 2007 and February 21, 2007, the Plaintiff underwent an MRI which shows "disc abnormality with protrusion to the left, worse at C4-5, mild to moderate at C3-4 and also at C5-6" (see Dr. Olin's reports, which are attached hereto and marked Exhibit "1", collectively). Dr. Olin goes on to indicated that "although [the patient] did not have the benefit of [the MRI] testing until recently, her symptoms have been present since the accident in December 2005." (Exh. "1"). Dr. Olin has discussed the Plaintiff's options,

including surgery, which would consist of an anterior cervical fusion. Although Plaintiff initially indicated that she did not want to undergo surgical intervention, she has indicated that she will likely undergo said surgery, as she can no longer tolerate her symptoms. Accordingly, the Plaintiff continues with medical treatment and continues to incur medical expenses as of the time of filing her Compliant with this court.

Aside from her medical expenses, the Plaintiff has also incurred damages in the form of lost earnings.[1] With respect thereto, at the time of the accident, the Plaintiff provided services to GPM Trucking, Inc., which is a business owned and operated by her husband. In that capacity, she would do administrative work consisting of payroll, secretarial tasks and accounts payable. She would devote approximately four (4) to five (5) hours, per week, performing the aforementioned administrative tasks for her husband's business. In addition, the Plaintiff would also travel with her husband, assisting in the removal and loading of vehicles at car auctions. She was unable to perform any of these functions after the accident for a period of time, and remains limited as to the services she presently performs for her husband's business. As set forth in the Plaintiff's attached Affidavit, although she did not receive a weekly salary for services performed for GPM Trucking, she shared in the profits of the corporation. Due to her inability to perform her duties after the accident, the corporation suffered a financial loss of

[1] Plaintiff acknowledges that her initial Complaint did not include a claim for loss of earnings. Plaintiff has filed a Motion to Amend her Complaint to allege said claim, which has not yet been ruled upon by the court.

approximately $40,000 in the year 2006. (See Affidavit of Plaintiff, Sandra Mitton, which is attached hereto and marked Exhibit "2").

Lastly, the Plaintiff's husband has also asserted a claim for loss of consortium, pursuant to R.I.G.L. 9-1-41.[2]

STANDARD OF REVIEW

The Defendant has filed a Motion to Dismiss the Plaintiff's Complaint pursuant to Rule 12(b), or in the alternative, Rule 56 for failure to satisfy the amount in controversy requirement to confer jurisdiction, pursuant to 28 USC §1332 (a). In the seminal case of Saint Paul Mercury Indemnity Co. vs. Red Cab Co., 303 US 283, 58 S. Ct. 586, 82 L. Ed. 845 (1938), the United States Supreme Court set forth the standard for determining what monetary minimum is required for federal jurisdiction. The court stated as follows:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the Plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount…but if from the face of the pleadings, it is apparent, to a legal certainty, that the Plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the Plaintiff never was entitled to cover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. 303 US at 288-89.

When faced with a Motion to Dismiss, the Plaintiff has the burden of proving jurisdiction "by showing that it does not appear to legal certainty that its

[2] Said claim is set forth in Count II of the Plaintiff's Amended Complaint, and is also subject of the Plaintiff's Motion to Amend Complaint, which has yet to be ruled upon by the court.

claim is for less than the jurisdictional amount." Hardeman vs. City of Boston, 144 F. 3d. 24, 26-27(1st Cir. 1998), citing Frederick vs. ConAgra, 713 F. Supp. 41, 47(D Mass. 1989). In this regard, Plaintiff may meet this burden by submitting affidavits which sufficiently substantiate the alleged amount in controversy or by filing an amended pleading. Id. See also Day vs. Nakamura, 59 F. 3d 164 (1st Cir. 1995); Department of Recreation and Sports vs. World Boxing Ass'n, 942 F. 2d 84, 88 (1st Cir. 1991).

Your Plaintiff submits that the Defendants' Motion should be denied when taking into consideration the Plaintiff's Amended Complaint setting forth additional claims for lost earnings, as well as the report of Dr. Olin setting forth the disc injuries in Plaintiff's cervical region requiring surgery, "it does not appear to legal certainty that [Plaintiff's] claim is for less than the jurisdictional amount." Frederick vs. ConAgra, 713 F. Supp. 41 at 47. Along these lines, and contrary to the allegations set forth by the Defendants in their Motion, the Plaintiff's injury is not a soft tissue injury. As set forth in the report of Dr. Olin, the Plaintiff has suffered a serious injury to her neck, which requires surgery. The Plaintiff continues to undergo medical treatment at the present time and will require treatment in the future, including surgery which has yet to be scheduled.

Moreover, the Plaintiff's Amended Complaint sets forth an additional claim for lost earnings resulting from the injuries sustained in the subject auto accident. As set forth in her Affidavit, the business loss to her husband's company, GPM Trucking, totals approximately $40,000.

The Plaintiff submits that based on her attached Affidavit setting forth her claim for lost earnings, as well as the Amended Complaint filed with this court and the report of Dr. Olin attached hereto, she has met the burden required to substantiate the required jurisdictional amount in controversy in this matter.

Accordingly, the Defendant's Motion to Dismiss pursuant to Rule 12(b) should be denied.

For the same reasons, Plaintiff submits that if this court views this Motion as one for Summary Judgment pursuant to Rule 56, the Plaintiff has met her burden pursuant to Rule 56(e) in demonstrating specific facts showing that there is a genuine issue for trial in this matter. As stated previously herein, the Plaintiff's claim for damages satisfies the jurisdictional amount required where the Plaintiff has (1) already incurred approximately $8,000 in medical expenses, and her medical care and treatment continues to the present time, and includes surgery in the future; (2) pursuant to the Plaintiff's Affidavit, she has incurred approximately $40,000 in lost earnings to her husband's business as a result of her inability to work after the accident and perform those administrative and manual duties and tasks that she had performed previously; (3) the Plaintiff has experienced pain and suffering from the date of the accident to the present. Said claim for pain and suffering is ongoing in view of the report of Dr. Olin indicating the Plaintiff's disc injuries in her cervical spine and need for surgery to repair same; and (4) Plaintiff is entitled to damages related to her future pain and suffering as well as the permanency of the injury to her back, which will be determined by the trior of

fact. The foregoing, as set forth in the Plaintiff's Amended Complaint, the report of Dr. Olin and attached Affidavit of the Plaintiff, Sandra Mitton, demonstrate to a legal certainty that Plaintiff's claim does exceed the $75,000 threshold. Therefore, the Defendant's Motion for Summary Judgment should be denied.

## CONCLUSION

Based on the foregoing reasons, the Defendant's Motion to Dismiss pursuant to Rule 12(b)(1), or in the alternative, their Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure should be denied.

Plaintiff,
Sandra Mitton,
By and Through Her Attorney,

__/s/ Thomas A. Tarro, III_____________

Thomas A. Tarro, III, Esquire #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

## CERTIFICATION

I, the undersigned, hereby certify that I have sent a copy of the foregoing via electronic filing on the 26th day of March, 2007, to:

Sharon Collins-Abbott, Esquire
LAW OFFICES OF AMY BERETTA
211 Quaker Lane
West Warwick, RI 02893

__/s/ Andrea T. Nadeau_______________