UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SANDRA A. MITTON and | : | |
| GREGORY MITTON | : | |
| v. | : | C.A. NO.: 07-028S |
| | : | |
| KIM M. JOLLY and | : | |
| RICHARD E. SPENCER | : | |

**PLAINTIFFS' PRETRIAL CONFERENCE STATEMENT**

Pursuant to this Court's Notice, dated April 25, 2007, the Plaintiffs, Sandra A. Mitton and Gregory Mitton, hereby submit their Pretrial Conference Statement as follows:

I. Elements to be Proven to Sustain Claim

This matter arises out of an automobile accident, which occurred on December 23, 2005 on Hopkins Hill Road in Coventry, Rhode Island. The Plaintiff, Sandra Mitton, was operating her vehicle and stopped on Hopkins Hill Road waiting for traffic coming from the opposite direction to ease to permit her to take a left-hand turn onto Ronwood Road, when the vehicle operated by the Defendant, Kim Jolly, and owned by the Defendant, Richard Spencer, struck the Plaintiff's vehicle from the rear. The Plaintiff sustained serious personal injury as a result of the accident and seeks damages. The Plaintiff, Gregory Mitton, is the husband of the Plaintiff and has brought a separate count for loss of consortium pursuant to R.I.G.L. §9-1-41.

In order to prevail on the claim of negligence, the Plaintiff must prove by a preponderance of the evidence, the following:

(1) The Defendant owed the Plaintiff a duty of care;

(2) The Defendant breached the duty of care;

(3) The breach was the proximate cause of injury to the Plaintiff; and

(4) Actual loss or damage resulted therefrom.

II. Statement of Law

The law in Rhode Island is clear in that a motorist has a duty to keep a proper look out and have control of her automobile and operate it in a manner that an ordinary, prudent person would be expected to have exercised in the same or similar circumstances. Rivard vs. Plante, 80 R.I. 312, 96 A2d. 644, 648 (1953).

The occurrence of a rear-end collision creates the presumption of negligence on the part of the driver who rear ends the other vehicle. In this regard, the law is well-settled that where the Plaintiff establishes the occurrence of a rear-end collision, he or she has made out a prima facie case of negligence against the operator of the automobile coming from behind. It then becomes the obligation of the Defendant to rebut the presumption. Maklar vs. Greene, 106 R.I. 405, 408, 261 A2d. 15 (1970) [*See also* R.I.G.L. §31-15-12, which states that a driver of a motor vehicle shall not follow another vehicle more closely than reasonable and prudent, have due regard for the speed of this vehicle and the traffic upon and the condition of the highway, and shall, whenever traveling upon a business or residential district, and whenever traffic permits, leave sufficient space so that an overtaking vehicle may enter and occupy the space without danger.]

In the instant matter, the Plaintiff submits that the driver of the Defendant's vehicle had a duty to exercise reasonable care to maintain control of her vehicle at all times. In colliding with the Plaintiff's vehicle from the rear, the Defendant breached this duty, as well as the statutory duty as set forth in R.I.G.L. 31-15-12, thereby creating the presumption of negligence, which cannot be rebutted by the Defendant under the factual circumstances in this case. There is nothing to indicate that the Plaintiff, Sandra Mitton, acted unreasonably in the operation of her motor vehicle.

Plaintiff
By and through her Attorney,

/s/ Thomas A. Tarro, III, Esq.

THOMAS A. TARRO, III, ESQ., #2046
Law Firm of Thomas A. Tarro III
The Summit East – Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 – facsimile

## CERTIFICATION

I, the undersigned, hereby certify that I have sent a copy of the foregoing ***Plaintiff's PreTrial Conference Statement*** via electronic filing on the 3rd day of May, 2007, to:

Sharon E. Collins-Abbott, Esq.
Law Offices of Amy Beretta
211 Quaker Lane
West Warwick, RI 02893

/s/ Thomas A. Tarro,III