UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SANDRA MITTON | : | |
| | : | |
| VS. | : | C.A. NO.: 07-028S |
| | : | |
| KIM M. JOLLY & RICHARD E. SPENCER | : | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO DEFEDANTS' MOTION TO EXTEND DISCOVERY CLOSURE DATE**

NOW COMES your Plaintiffs, Sandra A. Mitton and Gregory Mitton, and objects to the Defendants' Motion to Extend the Discovery Closure Date in this matter an additional sixty (60) days. In responding to the Defendants' motion, the Plaintiffs submit that the objection is limited to the extent that although they have no objection to the motion as requested by the Defendants, they do request that any extension of the discovery closure date should not result in delay or continuance of the Settlement Conference, which has been scheduled to take place in this matter on Wednesday, August 15, 2007 at 2:00 p.m.

Defendants have moved for an extension of the discovery closure date on two grounds: (1) the Plaintiff is still treating; and (2) expert disclosure is not complete. Plaintiff submits that neither of these bases should be a deterrent to the Settlement Conference taking place, as scheduled, even if the Defendants' Motion is granted by the court.

Plaintiffs submit that, from a practical matter, the fact that the Plaintiff is still treating and under a doctor's care should not serve as a deterrent to the

Settlement Conference going forward, as scheduled. Indeed, personal injury matters are tried every day in similar situations, where the Plaintiff is still treating and is expected to continue treating into the future.

Moreover and more importantly, the Defendants, by and through their counsel, have represented and acknowledged that liability is not in dispute, in this matter. The only issue for determination is damages. Along these lines, the Plaintiffs have provided substantial discovery to defense counsel, including Plaintiff's current medical records regarding the treatment and care she has received as a result of the motor vehicle accident, which is the subject matter of the Plaintiffs' Complaint, as well as current medical bills and expenses incurred by the Plaintiff to date.[1]

Lastly, as to the Defendants' contention that the Plaintiff has failed to produce sufficient answers to the expert interrogatory, Plaintiffs submit that they have produced adequate expert disclosure to enable the Defendants to determine whether they will retain their own expert. Along these lines, from as early as March 26, 2007, defense counsel has had, in her possession, the reports of Dr. Olin, dated January 31, 2007 and February 21, 2007 (Exhibit "1", collectively). Therein, Dr. Olin indicates that the Plaintiff has suffered an injury to her neck, specifically, "a disc abnormality with protrusion to the left, worse at C4-5, mild to moderate at C3-4 and also at C5-6." Dr. Olin goes on to indicate that since

---

[1] Plaintiffs' counsel continues to supplement the documents previously produced to Plaintiffs' counsel with respect to the medical bills and records pertaining to Plaintiff's treatment as they are received by Plaintiffs' counsel. As of today's date, all responsive documents in the Plaintiffs' possession have been produced to defense counsel.

conservative treatment has failed to address the Plaintiff's symptoms, he discussed surgical treatment with her, and specifically, an anterior cervical fusion. Aside from the foregoing, Plaintiff has provided a supplemental response to the expert interrogatory identifying Dr. Olin and Dr. Doberstein as treating physicians who may testify as experts at the trial in this matter as to the Plaintiff's disc herniations and causally relate the findings on MRI films and the Plaintiff's symptoms to the trauma sustained in the motor vehicle collision of December 22, 2005. Moreover, the medical records of Dr. Olin and Dr. Doberstein have been provided to defense counsel in response to Request for Production of Documents, as well as part of the Rule 26 Disclosure.

Plaintiffs intend to further supplement its answer to the expert interrogatory as to Dr. Bruzzese's anticipated expert testimony at trial. Along these lines, Dr. Bruzzese, a board-certified radiologist, has had an opportunity to review the Plaintiff's films but has not yet had an opportunity to discuss his findings, in detail, with Plaintiffs' counsel.

Plaintiff is aware that the Defendant has filed a Motion to Compel a More Responsive Answer to the Expert Interrogatory, which has not yet been heard or determined by the court. However, Plaintiff submits that the supplemental response that have been provided, along with the records produced as part of the Rule 26 Disclosure, adequately constitute compliance with the expert interrogatory. Out of an abundance of caution, Plaintiffs will file a second supplemental answer to the expert interrogatory setting forth the specific areas of

specialty of Drs. Olin, Doberstein and Bruzzese, as well as the grounds for their opinions as previously set forth in discovery. However, in doing so, the Plaintiff in no way concedes that the anticipated testimony of the Plaintiff's medical treating physicians have not been adequately disclosed in response to discovery. To the contrary, Plaintiffs submit that the nature of the Plaintiff's injuries sustained in this automobile accident, as well as the causal connection of the injuries to the accident and her prognosis to date, have been adequately disclosed to defense counsel, such that she should certainly have enough information to determine whether Defendants will obtain their own experts to testify in this matter. Further, the information that has been disclosed thus far is clearly sufficient to allow a meaningful Settlement Conference as to the subject matter of damages, which is the only issue for determination before the court.

## CONCLUSION

In conclusion, Plaintiffs offer a limited objection to the Defendants' request to extend the discovery closure date an additional sixty (60) days – or as otherwise determined by the court – such that any extension should not result in delay or continuance of the Settlement Conference scheduled for August 15, 2007, in this matter. The Defendants certainly have adequate information, through discovery produced thus far, to participate in said Conference in a meaningful way, particularly in view of the fact that liability has been conceded by the Defendants, leaving only the question of damages for determination.

Plaintiffs
By and Through Their Attorney,

___/s/ Thomas A. Tarro, III____________

Thomas A. Tarro, III, Esquire #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have electronically filed a copy of the foregoing Response on the 89th day of August, 2007, to:

Sharon Collins-Abbott, Esquire
LAW OFFICES OF AMY BERETTA
211 Quaker Lane
West Warwick, RI 02893

___/s/ Thomas A. Tarro, III____________