UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SANDRA MITTON | : | |
| | : | |
| VS. | : | C.A. NO.: 07-028S |
| | : | |
| KIM M. JOLLY & RICHARD E. SPENCER | : | |
| | : | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO DEFENDANTS' MOTION TO EXTEND DISCOVERY CLOSURE DATE**

NOW COMES your Plaintiffs, Sandra A. Mitton and Gregory Mitton, and objects to the Defendants' Motion to Extend the Discovery Closure Date in this matter an additional sixty (60) days. In responding to the Defendants' motion, the Plaintiffs submit that the objection is limited to the extent that although they have no objection to the motion as requested by the Defendants, they do request that any extension of the discovery closure date should not result in delay or continuance of the Settlement Conference, which has been scheduled to take place in this matter on Wednesday, August 15, 2007 at 2:00 p.m.

Defendants have moved for an extension of the discovery closure date on two grounds: (1) the Plaintiff is still treating; and (2) expert disclosure is not complete. Plaintiff submits that neither of these bases should be a deterrent to the Settlement Conference taking place, as scheduled, even if the Defendants' Motion is granted by the court.

Plaintiffs submit that, from a practical matter, the fact that the Plaintiff is still treating and under a doctor's care should not serve as a deterrent to the

Settlement Conference going forward, as scheduled. Indeed, personal injury matters are tried every day in similar situations, where the Plaintiff is still treating and is expected to continue treating into the future.

Moreover and more importantly, the Defendants, by and through their counsel, have represented and acknowledged that liability is not in dispute, in this matter. The only issue for determination is damages. Along these lines, the Plaintiffs have provided substantial discovery to defense counsel, including Plaintiff's current medical records regarding the treatment and care she has received as a result of the motor vehicle accident, which is the subject matter of the Plaintiffs' Complaint, as well as current medical bills and expenses incurred by the Plaintiff to date.[1]

Lastly, as to the Defendants' contention that the Plaintiff has failed to produce sufficient answers to the expert interrogatory, Plaintiffs submit that they have produced adequate expert disclosure to enable the Defendants to determine whether they will retain their own expert. Along these lines, from as early as March 26, 2007, defense counsel has had, in her possession, the reports of Dr. Olin, dated January 31, 2007 and February 21, 2007 (Exhibit "1", collectively). Therein, Dr. Olin indicates that the Plaintiff has suffered an injury to her neck, specifically, "a disc abnormality with protrusion to the left, worse at C4-5, mild to moderate at C3-4 and also at C5-6." Dr. Olin goes on to indicate that since

[1] Plaintiffs' counsel continues to supplement the documents previously produced to Plaintiffs' counsel with respect to the medical bills and records pertaining to Plaintiff's treatment as they are received by Plaintiffs' counsel. As of today's date, all responsive documents in the Plaintiffs' possession have been produced to defense counsel.

conservative treatment has failed to address the Plaintiff's symptoms, he discussed surgical treatment with her, and specifically, an anterior cervical fusion. Aside from the foregoing, Plaintiff has provided a supplemental response to the expert interrogatory identifying Dr. Olin and Dr. Doberstein as treating physicians who may testify as experts at the trial in this matter as to the Plaintiff's disc herniations and causally relate the findings on MRI films and the Plaintiff's symptoms to the trauma sustained in the motor vehicle collision of December 22, 2005. Moreover, the medical records of Dr. Olin and Dr. Doberstein have been provided to defense counsel in response to Request for Production of Documents, as well as part of the Rule 26 Disclosure.

Plaintiffs intend to further supplement its answer to the expert interrogatory as to Dr. Bruzzese's anticipated expert testimony at trial. Along these lines, Dr. Bruzzese, a board-certified radiologist, has had an opportunity to review the Plaintiff's films but has not yet had an opportunity to discuss his findings, in detail, with Plaintiffs' counsel.

Plaintiff is aware that the Defendant has filed a Motion to Compel a More Responsive Answer to the Expert Interrogatory, which has not yet been heard or determined by the court. However, Plaintiff submits that the supplemental response that have been provided, along with the records produced as part of the Rule 26 Disclosure, adequately constitute compliance with the expert interrogatory. Out of an abundance of caution, Plaintiffs will file a second supplemental answer to the expert interrogatory setting forth the specific areas of

specialty of Drs. Olin, Doberstein and Bruzzese, as well as the grounds for their opinions as previously set forth in discovery. However, in doing so, the Plaintiff in no way concedes that the anticipated testimony of the Plaintiff's medical treating physicians have not been adequately disclosed in response to discovery. To the contrary, Plaintiffs submit that the nature of the Plaintiff's injuries sustained in this automobile accident, as well as the causal connection of the injuries to the accident and her prognosis to date, have been adequately disclosed to defense counsel, such that she should certainly have enough information to determine whether Defendants will obtain their own experts to testify in this matter. Further, the information that has been disclosed thus far is clearly sufficient to allow a meaningful Settlement Conference as to the subject matter of damages, which is the only issue for determination before the court.

## CONCLUSION

In conclusion, Plaintiffs offer a limited objection to the Defendants' request to extend the discovery closure date an additional sixty (60) days – or as otherwise determined by the court – such that any extension should not result in delay or continuance of the Settlement Conference scheduled for August 15, 2007, in this matter. The Defendants certainly have adequate information, through discovery produced thus far, to participate in said Conference in a meaningful way, particularly in view of the fact that liability has been conceded by the Defendants, leaving only the question of damages for determination.

Plaintiffs
By and Through Their Attorney,

/s/ Thomas A. Tarro, III

Thomas A. Tarro, III, Esquire #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have electronically filed a copy of the foregoing Response on the 89th day of August, 2007, to:

Sharon Collins-Abbott, Esquire
LAW OFFICES OF AMY BERETTA
211 Quaker Lane
West Warwick, RI 02893

/s/ Thomas A. Tarro, III

J07 13:55 FAX 401 7657 DR OLIN 001

**MICHAEL S. OLIN, M.D., F.A.C.S.**
Neurological Surgery
Diplomate American Board Neurological Surgery
Fellow American College of Surgeons
Fellow International College of Surgeons
Direct all correspondence to: 63 Eddie Dowling Highway, Suite 7, North Smithfield, RI 02896
(401) 765-1213 Fax: (401) 765-7995
One Randall Square. Suite 410, Providence, RI (401) 421-5340

Date: 1-31-07

To: chart

Re: Sandra Mitton

Initial Office visit: The patient is seen in the office today.

This is a 34 year old female who was injured in a car accident on 12-22-05. She was the driver of the vehicle. She was taken by rescue to Kent County Hospital where xrays were done of the cervical spine. There was a suspicious area at C4-5, C2, C1 as well as straightening of the lordosis consistent with muscle spasm. She was then sent for CT scan. There is a report stating this was negative. She began a course of treatment with a chiropractor for neck, low back and bilateral knee. Her symptoms improved but she did not resolve her cervical symptoms and associated headache. She describes the neck pain as aching and constant. She rates the pain at 7/10. No bowel or bladder symptoms reported. Lying down, standing, bending, twisting, sitting, walking increase her symptoms. Heat and pain medication reduce her symptoms. She is a current smoker. She presently takes Vicodin, Tylenol and Advil for pain control. She is allergic to Penicillin.

Exam reveals range of motion of the neck is slightly restricted in all directions. There is no step off or deformity noted. No discoloration. She is alert and oriented x 3. Deep tendon reflexes are 1-2+ triceps, biceps and brachioradialis bilaterally. No wasting or fasciculations noted. Motor strength is 5/5 in the upper extremities. There is tenderness in the trapezius musculature bilaterally and left shoulder musculature. She describes radicular symptoms mostly into the left upper extremity.

This patient suffered neck injury and has not had MRI of the cervical spine. Due to her ongoing neck and radicular symptoms, I will get MRI and see her back when the images are available.

Blumberg No. 5118
EXHIBIT
1

MICHAEL S. OLIN, M.D., F.A.C.S.
Neurological Surgery
Diplomate American Board Neurological Surgery
Fellow American College of Surgeons
Fellow International College of Surgeons
Direct all correspondence to: 63 Eddie Dowling Highway, Suite 7, North Smithfield, RI 02896
(401) 765-1213 Fax: (401) 765-7995
One Randall Square. Suite 410, Providence, RI (401) 421-5340

Date:2-21-07

To: chart

Re: Sandra Mitton

The patient is seen in the office today. She continues with neck pain radiating mostly to the left arm. MRI was performed and the images show disc abnormality with protrusion to the left, worse at C4-5, mild to moderate at C3-4 and also at C5-6. I discussed the findings with her.

This patient suffered injury to her neck in December, 2005. She finally had MRI performed showing abnormalities. Although she did not have the benefit of this testing until recently, her symptoms have been present since the accident in December, 2005. The symptoms she has experienced since injury correspond to the findings on MRI.
I discussed further conservative treatment such as traction therapy but she has undergone conservative treatment in the past and this did not resolved her neck and radicular symptoms.

I also discussed surgical treatment options with her. I explained anterior cervical fusion. She had not wanted to consider surgical treatment but she feels she can no longer tolerate her symptoms, unresolved since December, 2005.
I did not have the benefit of comparing like testing. This patient had CT scan after injury due to suspicious bony area on plain films.
I now have the opportunity to review the MRI images and with the abnormalities noted, I have discussed surgical treatment with her. It is my opinion, based on her history, that there is a relationship between the findings on MRI and her onset of symptoms which have not resolved since injury.

She is going to give our conversation some thought and be back in touch with me.