UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SANDRA A. MITTON and GREGORDY MITTON | : | |
| | : | |
| VS. | : | C.A. NO.:07-028S |
| | : | |
| KIM M. JOLLY and RICHARD E. SPENCER | : : | |

**PLAINTIFFS MEMORANDUM IN SUPPORT OF THEIR MOTION FOR LEAVE TO TAKE VIDEOTAPE DEPOSITION**

NOW COME your Plaintiffs, pursuant to Rule 30 of the Federal Rules of Civil Procedure, and moves for an Order of this court allowing the deposition of Dr. Curtis Doberstein to be videotaped.

## FACTUAL BACKGROUND

This matter arises out of an automobile accident, which occurred on December 23, 2005 on Hopkins Hill Road in Coventry, Rhode Island. The Plaintiff, Sandra Mitton, was operating her vehicle and stopped on Hopkins Hill Road, waiting for oncoming traffic to ease to permit her to take a left-hand turn onto Ronwood Road. The vehicle operated by the Defendant, Kim Jolly, and owned by the Defendant, Richard Spencer, struck the Plaintiff's vehicle from the rear.

The Plaintiff sustained serious personal injury as a result of the accident. Pertinent to the instant motion, the Plaintiff was seen by Dr. Curtis Doberstein.

In response to the Defendants' expert interrogatory, the Plaintiff, Sandra Mitton, has identified Dr. Michael Olin, Dr. Anthony Bruzzese and Dr. Curtis

Doberstein as expert medical witnesses expected to be called to testify on her behalf at trial, depending on their availability. Specifically, the Plaintiff responded: "It is anticipated the doctors will testify as to the Plaintiff's disc hernations and causally relate the findings on the MRI films and symptoms to the trauma sustained in the motor vehicle collision of December 22, 2005." Additionally, the report of Dr. Doberstein, related to his office visit with the Plaintiff, of June 7, 2007 was produced to defense counsel. Dr. Doberstein is expected to testify in accordance with his findings and opinions set fort his report.

Counsel for the Defendant, Kim Jolly, has indicated to Plaintiff's counsel her desire to conduct the deposition of Dr. Doberstein. Related thereto, Plaintiffs' counsel contacted the office of Dr. Doberstein on August 1, 2007 concerning the scheduling of Dr. Doberstein's deposition in this matter. At that time, Plaintiffs' counsel was advised that the next available date that the doctor had for deposition was October 26, 2007; as the doctor only does depositions on Fridays at 3:30 p.m. and all dates in the interim have already been scheduled.

On or about August 17, 2007, Plaintiffs' counsel forwarded correspondence to defense counsel indicating Dr. Doberstein's next available date for deposition of October 26, 2007 at 3:30 p.m. and the doctor's deposition fee. Plaintiffs' counsel further advised that if defense counsel did, in fact, intend to conduct the deposition of Dr. Doberstein, he would like to videotape the deposition.

Defense counsel has indicated to Plaintiffs' counsel that she does desire to conduct the deposition of Dr. Doberstein. However, she objects to the deposition

being videotaped, as per the request of Plaintiffs' counsel. Defense counsel has indicated that Plaintiffs' counsel should re-notice the deposition of Dr. Doberstein some date after she has had an opportunity to conduct her deposition inquiry of the doctor.

Plaintiffs' counsel now seeks an Order of this court for leave to videotape the deposition of Dr. Curtis Doberstein, which has been noticed to be taken on October 26, 2007.

Plaintiffs' counsel seeks to videotape the deposition of Dr. Doberstein in order to preserve his testimony for trial. Based on the extremely busy schedule of Dr. Doberstein (as reflected by the fact that the first available date that he had for deposition as of August 1, 2007 was October 26, 2007; more than twelve (12) weeks later) Plaintiffs' counsel fears that he will be unable to conduct the deposition of the doctor during the discovery phase of this matter and prior to the matter being reached for trial.

With respect to the latter, pursuant to this court's Pre-Trial Order dated May 9, 2007, discovery in this matter was to close on September 10, 2007. All dispositive motions were to be filed by September 24, 2007 and all Pre-Trial Memorandum were due to be filed by October 24, 2007; if no dispositive motions

were filed. Defendant filed a Motion to Extend the Discovery Closure Date and additional sixty (60) days, up to and including November 10, 2007.[1] On or about August 15, 2007, the court entered an Order granting the Defendants' Motion for Extension of Time to Complete Discovery and ordered that all discovery shall be completed by November 10, 2007; just two (2) weeks after the scheduled date for Dr. Doberstein's deposition.

## ARGUMENT

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, the deposition of a witness made be recorded by sound, sound – and visual or stenographic means. Moreover, where the parties fail to agree as to the method of recording, one make seeks leave of the court, when necessary. Specifically, Rule 30(b)(2) provides, in pertinent part, as follows:

> **Rule 30. Depositions Upon Oral Examination *****
> **(B) Notice and Examination: General Requirements; Method of Recording; Production of Documents and Things; Deposition of Organization; Deposition by Telephone.*****
> (2) The party taking the deposition shall state in the Notice the method by which the deposition shall be recorded. Unless the court orders otherwise, it may be recorded by sound, sound-and visual, or stenographic means and the party taking the deposition shall bear the cost of recording. Any party may arrange for a transcription to be made from the recording of a deposition taken by non-stenographic means***

Moreover, Rule 30(b)(7) provides, in pertinent part:

---

[1] Plaintiff filed a limited Objection to the Defendants' Motion to Extend Discovery Closure Date requesting that any extension of the discovery closure date would not result in delay or continuance of the Settlement Conference, which was scheduled to take place in this matter on August 12, 2007.

> (7) The parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone or other remote electronic means.***

In bringing the instant motion, Plaintiffs' counsel acknowledges that Rule 30 confers on the party taking the deposition the choice of the method of recording. However, Plaintiffs submit that there is nothing in the Rule which precludes the Plaintiffs from videotaping the deposition; provided that the Plaintiffs will bear the costs related to same, which Plaintiffs are prepared to do in this matter.

Along these lines, the Plaintiffs' counsel has, in the past, encountered situations where an expert witness was unavailable to appear to testify at trial. As indicated previously, Plaintiffs' counsel has well-founded concerns about the availability of Dr. Doberstein for trial or second deposition, based on the timeframe for his availability for the instant deposition as set forth herein. Accordingly, out of an abundance of caution, Plaintiffs' counsel seeks to videotape the deposition of Dr. Doberstein, in the event that he is unable to appear in person to testify either at trial or at a second deposition.

Your Plaintiffs submit that no burden or prejudice is placed on the Defendants should the court grant the Plaintiffs' Motion for Leave to permit the videotaping of Dr. Doberstein's deposition; particularly, where Plaintiffs will bear the cost related to the videotaping of the deposition.

**CONCLUSION**

Based on the foregoing, Plaintiffs seek an Order of the court granting their motion to permit the videotaping of the deposition of Dr. Curtis Doberstein, which has been noticed to take place on October 26, 2007 at 3:30 p.m.; with the Plaintiffs being responsible for the cost of videotaping.

**GOOD FAITH CERTIFICATION**

The undersigned certifies that he has made a good faith attempt to confer with opposing counsel concerning the matters contained herein so as to avoid the necessity of court intervention, without success.

Plaintiffs,
Sandra Mitton and Gregory Mitton,
By and Through Their Attorney,

/s/ Thomas A. Tarro, III

Thomas A. Tarro, III, Esquire #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have sent a copy of the foregoing Motion on the 24TH day of August, 2007, via electronic filing, to:

Sharon Collins-Abbott, Esq.
LAW OFFICES OF AMY BERETTA
211 Quaker Lane
West Warwick, RI 02893

/s/ Thomas A. Tarro, III