06-321 SEC:smm

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SANDRA A. MITTON | : | |
| GREGORY MITTON | : | |
| | : | |
| VS. | : | C.A. 07-028-S |
| | : | |
| KIM M. JOLLY and | : | |
| RICHARD E. SPENCER | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO VIDEOTAPE DR. DOBERSTEIN'S DEPOSITION**

## I. Facts.

Defendants noticed the discovery deposition via stenographic means of one of Plaintiff Sandra Mitton's treating doctors, Dr. Curtis Doberstein, pursuant to F.R.C.P. 26(b)(4), set for October 26, 2007. Plaintiffs' counsel has filed a motion to videotape said deposition to preserve and possibly use at the time of trial, on the grounds that Dr. Doberstein may possibly be unavailable at the time of trial to testify live and also that Plaintiffs may not be able to timely complete the videotaped deposition at a date after October 26, 2007, as the close of discovery date is November 10, 2007.

## II. Argument.

### 1. To allow Plaintiffs to videotape Defendants' discovery deposition will result in prejudice to the Defendants.

Defendants have noticed Dr. Doberstein's deposition and therefore have the right to choose the means of recording the same, as Plaintiffs admit in their memorandum. Although F.R.C.P. 30 (b)(3) does allow a party with prior notice to designate another method of recording the deponent's testimony in addition to that specified by the party

noticing the deposition, at their own expense, such should not be allowed in this case as it will result in prejudice to the Defendants.

Defendants have a right to take a discovery deposition of Plaintiffs' expert pursuant to F.R.C.P. 26(b)(4), in an uninhibited manner. This deposition will include questioning that is broad in nature and delves deeply into the doctor's bases for his opinions proffered at that time. Defendants have a right to freely inquire into these areas, without the concern that every area discovered into is being videotaped for later play-back in front of the jury that will ultimately be deciding this case. This case involves a situation in which Plaintiff is actively undergoing medical treatment and Plaintiff has testified that Dr. Doberstein has recommended surgery to her (although this is presently unsupported by his medical records). It is extremely prejudicial to the Defendants to require that their discovery inquiry be videotaped for use at trial.

This is especially true in this case, as Dr. Doberstein is a treating physician of the Plaintiff and therefore not subject to the expert disclosure report requirement of F.R.C.P. 26 (a)(2)(B). The one report of Dr. Doberstein that exists, of June 5, 2007, is not very comprehensive. Therefore, the first complete picture of Dr. Doberstein's opinion will not be made available to the Defendants until the time of the deposition on October 26, 2007. Defendants should have the right to conduct the discovery deposition of Dr. Doberstein and obtain complete information as to his opinions and the grounds and bases of his opinions and then review that transcript with Defendants' expert (who will hopefully be retained within the next couple of weeks). Defendants will need to review Dr. Doberstein's testimony and consult with their expert prior to being prepared to conduct cross-examination of Dr. Doberstein for use at the time of trial. To force the Defendants

into conducting cross examination for use at the time of trial without fully exploring Dr. Doberstein's opinions or consulting with their expert regarding the same would result in extreme prejudice to the Defendants.

In addition, discovery depositions in which Defendants inquire first of the doctor are not the most desirable format for use to play-back to the jury at the time of trial. Normally, if a party wishes to preserve his/her expert testimony for use at the time of trial, that party would notice the deposition and commence direct examination, including qualifying the witness as an expert, just as if they called that witness live at the time of trial. The Defendants would then have an opportunity to cross examine the expert witness. To allow the Plaintiffs to videotape the Defendants' discovery deposition will result in prejudice to the Defendants and an unclear presentation to the jury at the time of trial.

2. **Defendants have ample opportunity and means to videotape Dr. Doberstein to preserve his testimony for use at trial after Defendants discovery deposition on October 26, 2007.**

Plaintiffs allege that they "may not" have enough time to complete Dr. Doberstein's deposition and he "may not" be available at the time of trial, but these are simply unsupported allegations. The Plaintiffs have produced no evidence that they have even tried to contact Dr. Doberstein's office to see if he expects to be available at the time of the trial. Nor have they confirmed that there are no additional dates prior to trial to allow them to conduct their own videotaped deposition to preserve his testimony for the time of trial. Absent this evidence, and in light of the clear prejudice that will result to the Defendants, the videotaping should not be allowed.

Also, the deposition by the Plaintiffs of their own expert to preserve his testimony for trial is not truly "discovery", but rather preservation of testimony. Therefore, Plaintiff could complete this deposition subsequent to the close of discovery on November 10, 2007.

Plaintiffs have ample opportunity to contact Dr. Doberstein's office and determine if he will be available at the time of trial and if not, to then notice a videotaped deposition at their own expense to preserve his testimony, prior to trial.

**3. Should Plaintiffs be allowed to videotape the deposition, the expense of the video-recording as well as the doctor's hourly rate of compensation for time questioned by the Plaintiffs should be borne exclusively by the Plaintiffs.**

Although the Defendants strongly object to the Plaintiffs being allowed to videotape the deposition, should this Honorable Court allow the same, Defendants request that the fees associated with the videotaping and all of Dr. Doberstein's hourly rate fees for the time Plaintiffs question the doctor, including qualifying him as an expert, be borne exclusively by the Plaintiffs.

## III. Hearing Date Request

Defendants respectfully request that should a hearing date be assigned in this matter, that it be assigned on or after September 12, 2007 as counsel is court excused and will be out of the country and returning to the office on September 12, 2007.

## IV. Conclusion

Based upon the foregoing, Defendants respectfully request that the Plaintiffs' motion to videotape the discovery deposition which Defendants have noticed of Dr. Doberstein, be denied.

/s/ Sharon E. Collins-Abbott
Sharon E. Collins-Abbott (RI Bar: 4985)
LAW OFFICES OF AMY BERETTA
211 Quaker Lane – 1st Floor
West Warwick, RI 02893
(401) 821-0188
(401) 821-7410 (fax)
scollinsabbo@metlife.com

## CERTIFICATION

I, the undersigned, hereby certify that on the **28th** day of **August, 2007** I did send a true copy of the within **MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION PLAINTIFFS' MOTION TO VIDEOTAPE DR. DOBERSTEIN'S DEPOSITION** by electronic means (ECF) to:

ttarro3rd@tarrolawfirm.com

smerolla@merollalaw.com

/s/ Sharon E. Collins-Abbott
Sharon E. Collins-Abbott (RI Bar: 4985)
LAW OFFICES OF AMY BERETTA
211 Quaker Lane – 1st Floor
West Warwick, RI 02893
(401) 821-0188
(401) 821-7410 (fax)
scollinsabbo@metlife.com