UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SANDRA MITTON and GREGORY MITTON | : | |
| VS. | : | C.A. NO.: 07-028S |
| KIM M. JOLLY & RICHARD E. SPENCER | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO DEFENDANTS' INTERROGATORIES**

NOW COME your Plaintiffs, Sandra A. Mitton and Gregory Mitton, in the above-entitled matter and objects to the Defendants' Motion to Compel More Responsive Answers to Defendants' Interrogatories, as follows:

**INTERROGATORY NO. 10**: List addresses of any persons whom you have consulted, retained or who will testify as an expert witness on your behalf concerning the incident mentioned in the complaint and the damages resulting therefrom, specifying which of the witnesses you expect to testify as an expert witness on your behalf. As to each such witness, set forth:

a. his/her qualifications in his/her field of specialization, including details as to his/her education and dates thereof and details as to his/her personal experience in his/her field of specialization, including the dates thereof and the manner of acquiring his/her experience in his/her specialty.

b. His/her residence and business address.

c. As to each such expert, state the substance of the facts and opinions to which the expert is expected to testify.

d. Set froth a summary for the grounds of each opinion, including any test or other manual or regulation which the expert relies on.

**RESPONSE**: Objection. Said interrogatory seeks information which is beyond the permissible scope of discovery, as Plaintiff is not required to disclose the identity of any person whom she has merely consulted or retained and not reasonably calculated to lead to the discovery of admissible evidence at trial. Without waiving said objection, Plaintiff intends on calling her treating physicians will testify as set in their medical records which have been produced to the Defendant with Plaintiff's Rule 26 Disclosure. In addition, the treating physician will testify as to the causal connection between the injuries and the accident as alleged in Plaintiffs' Complaint. Furthermore, they will testify as to any permanent condition that is resulted from the injuries arising out of the accident and their prognosis of that condition.

**FIRST SUPPLEMENTARY ANSWER NO. 10**: Without waiving the previously stated objection, Plaintiff expects to call as expert medical witnesses depending on their availability Dr. Michael S. Olin, M.D. of 63 Eddie Dowling Highway, North Smithfield, Rhode Island; Dr. Anthony G. Bruzzese, M.D. of 390 Toll Gate Road, Warwick, Rhode Island and Curtis Doberstein, M.D. of One Davol Square, Providence, Rhode Island. It is anticipated the doctors will testify

as to Plaintiff's disc herniations and causally relate the findings on the MRI films and symptoms to the trauma sustained in the motor vehicle collision of December 22, 2005.

**COMMENT**: Defendant seeks a Court Order compelling a complete response to this interrogatory as to experts and expected to testify at trial as requested in subsections a – d. Although Plaintiff has named two treating physicians and one non-treating expert, Plaintiff has not provided the specialties of these doctors, the substance of the facts which the experts will testify to, or any summary of the grounds for each opinion of each expert. Plaintiff has stated one general conclusion as to all of the experts. There is no indication as to the specifics that each doctor will testify to. It is anticipated that the Plaintiffs' experts will testify to different points within their respective specialties and will base their opinions on differing bases. Plaintiffs should be compelled to clearly identify the same for each expert in response to the interrogatory posed. Until Plaintiff responds, no decision may be made by Defendants as to which expert depositions may need to be taken prior to the close of discovery, presently set for November 10, 2007, or which experts Defendant may need to retain to defend Plaintiffs' claim.

**ARGUMENT**: Plaintiffs object to the Defendants' Motion to Compel More Responsive Answers to Interrogatories on the grounds that Plaintiffs have complied in that on or about September 27, 2007, Plaintiff forwarded to defense counsel it Second Supplemental Answer to Defendants' Interrogatory No. 10.

WHEREFORE, the Defendants' Motion to Compel should be denied.

Plaintiffs,
By and Through Their Attorney,

______________________________

Thomas A. Tarro, III, Esquire #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have electronically filed a copy of the foregoing Objection on the 27TH day of September, 2007, to:

Sharon Collins-Abbott, Esquire
LAW OFFICES OF AMY BERETTA
211 Quaker Lane
West Warwick, RI 02893

Steven B. Merolla, Esq.
Katherine A. Merolla, Esq.
Merolla & Accetturo
469 Centerville Road, Suite 206
Warwick, RI 02886

/s/ Thomas A. Tarro, III