UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SANDRA A. MITTON | : | |
| GREGORY MITTON | : | |
| | : | |
| VS. | : | C.A. No. 07-028S |
| | : | |
| KIM M. JOLLY and | : | |
| RICHARD E. SPENCER | : | |

**PLAINTIFF'S OBJECTION TO MOTION FOR PHYSICAL EXAMINATION**

Now comes the Plaintiffs in the above entitled matter and objects to the Motion for Physical Examination filed by Defendants Kim M. Jolly and Richard E. Spencer on the grounds that Defendants' Motion does not comply with Rule 35 of the Federal Rules of Evidence.

**ARGUMENT**

Rule 35 of the Federal Rules of Evidence provides in pertinent part:

> (a) **Order for Examination**. When the mental or physical condition (including the blood group) of a party or of a person in the custody or the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. ***The order may be made only on motion for good cause shown*** and upon notice to the person to be examined and to all parties ***and shall specify the time, place, manner, conditions and scope of the examination*** and the person or persons by whom it is to be made. (Emphasis added.)

Plaintiff Sandra Mitton does not contest that the physical injuries to her neck, shoulder and back are matters in controversy in this action. However, Defendants have not specified the "good cause" for the requested physical examination. Plaintiff has already been examined by two treating physicians, Michael Olin, M.D., practicing in neurological surgery, and Curtis Doberstein, M.D., practicing in vascular neurosurgery, and Defendants have not articulated why these examinations are not sufficient. *See Schlagenhauf v. Holder*, 85 S.Ct. 234, 379 U.S. 104

(1964) (reaffirming that by adding the words "good cause" to Rule 35 there must be a greater showing of need than under the other discovery rules).

More importantly, Defendants have not disclosed the manner, conditions or scope of the examination being requested. Defendants have not disclosed whether any tests are to be performed, the nature of the exam to be conducted, nor the length of time needed for the physical examination. Plaintiffs have not received a curriculum vitae of Stephen Saris, M.D., nor is there any information pertaining to his area of specialty or expertise. Without this critical information, Defendants' Motion cannot be granted.

Furthermore, should Defendants' Motion be granted, Plaintiff requests that her attorney be present at the physical examination and that it be videotaped. As grounds for this request, Plaintiff states that this motion is part of discovery process and constitutes information which must be preserved similar to preserving evidence of independent testing. For example, if Dr. Saris conducts range of motion testing, a videotape will record the test and its results so that it can be more effectively evaluated by the parties and the jury. A verbatim record by videotape would safeguard the accuracy of the physical examination for all parties. Videotaping physical exams is common and there is no basis to conclude that it would adversely impact the conduct of the examination. Rule 35 clearly permits this Court to specify that a condition of the requested physical examination include that it be videotaped.

Plaintiff also requests that her attorney be present to preserve and ensure the integrity of the examination. Plaintiff's attorney represents that he would only be present as an observer and will not interject himself into the examination process. Plaintiff has a legitimate interest in protecting herself from an unsupervised interrogation, in essence a *de facto* deposition, by an

agent of the Defendants. *See Zabkowicz v. The West Bend Company*, 585 F.Supp. 635 (E.D.Wis. 1984).

Plaintiffs**,**
By and Through their Attorneys,

__/s/ Thomas A. Tarro, III_______________
Thomas A. Tarro, III #2046
LAW FIRM OF THOMAS A. TARRO, III,
The Summit East - Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I hereby certify that a true copy of the foregoing *PLAINTIFFS' OBJECTION TO MOTION FOR PHYSICAL EXAMINATION* was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorney received service by electronic means on this 2nd day of October 2007:

Sharon E. Collins-Abbott
LAW OFFICES OF AMY BERETTA
21 Quaker Lane - 1st Floor
West Warwick, RI 02893

Steven B. Merolla, Esq.
Katherine A. Merolla, Esq.
Merolla & Accetturo
469 Centerville Road, Suite 206
Warwick, RI 02886

___/s/ Thomas A. Tarro, III____________