06-321 SEC:smm

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SANDRA A. MITTON | : | |
| GREGORY MITTON | : | |
| | : | |
| VS. | : | C.A. 07-028-S |
| | : | |
| KIM M. JOLLY and | : | |
| RICHARD E. SPENCER | : | |

**DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION FOR RULE 35 PHYSICAL EXAMINATION**

Now come the Defendants in the above-entitled matter and submit this reply memorandum to Plaintiff's Objection.

**Argument**

Pursuant to Rule 35 and the case of *Schlagenhauf v. Holder* 85 S.Ct. 234, 379 U.S. 104 (1964*)*, (cited by Plaintiff in her objection) in order to constitute a Rule 35 Examination, the medical condition must be "in controversy", and "good cause" must be shown. However, as the *Schlagenhauf* Court held, there are situations where the pleadings alone are sufficient to meet these requirements. *Id* (citing *Sibbach vs. Wilson and Company* 312 U.S.1). The Court found that where a Plaintiff in a negligence action asserts a mental or physical injury, they place that mental or physical injury clearly in controversy, and such provides the good cause for an examination to determine the existence and extent of such asserted injury. Despite the fact that the Plaintiff has been examined by her own treating physicians, including Dr. Michael Olin, Dr. Curtis Doberstein and Dr. Michael Harrison there is no consensus as to her condition or recommended further treatment. The Defendant certainly has a right to have the Plaintiff examined by an independent doctor of their choice to obtain an independent evaluation.

In addition, Dr. Saris is a board certified neurologist who is very well known in the Rhode Island medical community. Copies of Dr. Saris' curriculum vitae have been produced to Plaintiff. Defendant provides attached hereto an Affidavit of Dr. Saris, outlining the type of examination that he intends to perform and the time period that has been blocked off for that examination.

As to Plaintiffs' request to Videotape the examination, Defendants maintain that the same is clearly unnecessary and designed to impede the examination of Dr. Saris. The Plaintiff's allegation that the examination is part of the discovery process and consists of information that must be preserved is without merit. Dr. Saris will provide a written report as mandated by Rule 35 which will be produced after the examination, such is sufficient to preserve the information.

The claims by Plaintiff that a videotaping of range of motion testing performed by Dr. Saris to record the results, so that it can be more effectively evaluated by the parties and the jury, as well as their claim that a verbatim record by videotape would safeguard the accuracy of the physical examination for all parties is without merit, as this is likewise dealt with by a written report of Dr. Saris. Defendants have not had the benefit of having all of the Plaintiffs examinations with her treating physicians videotaped, so they can be examined either by Defendants' expert or by the jury at the time of trial. This Rule 35 examination is to be performed by a board certified neurosurgeon who is well established in the Rhode Island community. Dr. Saris is perfectly capable of performing a competent medical exam and then generating a detailed

report pursuant to the rule, which will preserve the information revealed through the same.

Contrary to the Plaintiffs' allegations that a videotaped physical exam is common, and there is no basis to conclude that it would adversely impact the conduct, and that Rule 35 clearly permits the same, are also without merit. To allow the videotaping of the examination sets Dr. Saris' examination up as suspect and not to be believed in the eyes of the jury. The parties would be starting off on an uneven playing field with our expert's examination versus the treating doctors. Certainly, Plaintiff is not alleging that since the treating doctors examinations to date were not videotaped, that these should all be thrown out and not used at the time of trial and that there is no way to know what tests were performed by the treating doctors or the outcome of the same without a videotaped record.

In addition, it puts an already difficult environment of independent medical examiner versus plaintiff into an even more difficult position. The doctor will have more difficulty eliciting any type of dialogue with the Plaintiff, in order to secure a history from the patient and obtain thorough and accurate information from her, so that he can perform his examination.

You can also see from Dr. Saris' Affidavit that in the eighteen (18) years that he has been practicing in the community performing such independent medical exams, he has never received a request for a videotaped physical examination. Therefore, we assert that Plaintiff's allegation that this common practice is simply not so.

Lastly, contrary to what plaintiff states such videotaping is not allowed under the Rules of Civil Procedure.

With respect to Plaintiffs' request that her attorney be present at the time of the examination, Defendants indicate that they would have no objection to a representative from Plaintiff's attorneys' office being present, as an independent observer who will not interject him or herself into the examination process and refrain from giving any history on behalf of the Plaintiff or making any statements whatsoever during the examination. However, Defendants would object to the Plaintiffs' attorney being present as that would place him in a position, if something did occur that he was present to observe, of making him become a witness in his own case.

/s/ Sharon E. Collins-Abbott
Sharon E. Collins-Abbott (RI Bar: 4985)
LAW OFFICES OF AMY BERETTA
211 Quaker Lane – 1st Floor
West Warwick, RI 02893
(401) 821-0188
(401) 821-7410 (fax)
scollinsabbo@metlife.com

## CERTIFICATION

I, the undersigned, hereby certify that on the 5th day of October, 2007 I did send a true copy of the within Reply Memorandum by electronic means (ECF) to:

ttarro3rd@tarrolawfirm.com
smerolla@merollalaw.com

/s/ Sharon E. Collins-Abbott
Sharon E. Collins-Abbott (RI Bar: 4985)
LAW OFFICES OF AMY BERETTA
211 Quaker Lane – 1st Floor
West Warwick, RI 02893
(401) 821-0188
(401) 821-7410 (fax)
scollinsabbo@metlife.com