UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SANDRA MITTON | : | |
| And GREGORY MITTON | : | |
| | : | |
| VS. | : | C.A. NO.: 07-028S |
| | : | |
| KIM M. JOLLY & RICHARD E. | : | |
| SPENCER | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO EXTEND TIME TO COMPLETE DISCOVERY**

NOW COMES your Plaintiffs, Sandra A. Mitton and Gregory Mitton, in the above-entitled matter and object to the Defendants' Motion to Extend Time to Complete Discovery.

**FACTUAL BACKGROUND**

This matter arises out of a motor vehicle accident which occurred on December 23, 2005 when the Plaintiff, Sandra Mitton, was struck from behind by a vehicle operated by the Defendant, Kim Jolly, and owned by the Defendant, Richard Spencer, on Hopkins Hill Road in Coventry, Rhode Island.

With respect to the instant motion, the Plaintiff provided Rule 26 Disclosure to the defense counsel on or about May 3, 2007. Part of that disclosure included the reports of Plaintiff's medical expert, Dr. Michael Olin, dated January 31, 2007 and February 21, 2007. Also a report dated June 5, 2007, of Plaintiff's medical expert, Dr. Curtis Doberstein, was produced to defense counsel as part of a supplement to Plaintiff's Rule 26 Disclosure on or about July 20, 2007.

Moreover, Plaintiff supplemented their Answer to the Defendants' Expert Interrogatory setting forth the anticipated testimony of Drs. Olin and Doberstein on July 26, 2007 and September 27, 2007, respectively.

This matter was before the Court for Settlement Conference on August 15, 2007. Within their Settlement Conference Statement, Plaintiffs clearly set forth future medicals in the Statement of Damages relative to the anterior cervical fusion, which the Plaintiff will be required to undergo in the future, as well as future pain and suffering with respect to said surgery.

Pursuant to this Court's Pretrial Order, discovery was originally set to close in this matter on September 10, 2007. Defendants filed a Motion to Extend the Discovery Closure Date up to and including November 10, 2007, which motion was granted, in part, by the Court pursuant to its Order, dated August 15, 2007.

Subsequently, on September 20, 2007, the Defendants filed a Motion for a Physical Examination of the Plaintiff by its expert, Dr. Stephen Saris. Plaintiff filed an Objection to the Motion on the grounds that the Defendants failed to specify "good cause" for the requested physical examination. Further, the Defendants failed to disclose the manner, conditions and scope of the examination being requested.

The Defendants' Motion for Rule 35 Examination was heard by Magistrate Almond on October 5, 2007. At the hearing, the Court was presented with two (2) reports of Defendants' medical expert, Dr. Stephen Saris, dated August 3, 2007.

In his report, Dr. Saris set forth clear, definitive and unconditional opinions, as follows:

> "1. There is no lasting injury as a consequence of the December 2005 MVA.
> 2. The treatments through April 2006 were reasonable and necessary. After that time, there was no indication for them. * * *
> 4. Any treatment after April 2006 is not related in any way to the accident of December 2005.
> 5. There was no evidence of a significant, traumatic disc abnormality as a consequence of the December 2005 event.
> 6. No surgery is indicated on Ms. Mitton of any kind in regard to her cervical or lumbar spine."

(Reports of Dr. Saris, dated August 3, 2007 and marked Exhibit "1")

Moreover and significant to the instant motion, Dr. Saris did not indicate in his report that it was necessary for him to conduct a physical examination of the Plaintiff in order to render his opinions, nor that he required additional information, such that his opinion might change or be altered or modified.

Prior to rendering his report, Dr. Saris had in his possession and had an opportunity to review, in detail, all of the medical records of the Plaintiff and her MRI films and x-ray films and reports related thereto.

After hearing thereon, the Court issued an Order denying the Defendant's Motion for Examination having found that the Defendants had not shown "good cause" for the examination. The Court went on to note in its Order, dated October 5, 2007, that Dr. Saris had already reviewed the Plaintiff's medical records; cervical, thoracic and lumbosacral MRIs and cervical x-rays and cervical CT, and

based upon that review, Dr. Saris was able to render a definitive opinion as to the Plaintiff's physical condition and the lack of any need for cervical surgery.[1]

On or about October 19, 2007, the Defendants filed the instant motion to extend time to complete discovery. The Defendants are seeking an extension of time from November 10, 2007 to November 24, 2007. The basis for the motion is that the deposition of Plaintiff's medical expert, Dr. Curtis Doberstein, is presently scheduled for October 26, 2007 and the Defendant is seeking additional time in order to obtain and review the transcript of Dr. Doberstein with its medical expert, Dr. Stephen Saris. Thereafter, Dr. Saris will require an opportunity to amend his Rule 26 report, prior to the close of discovery.

Your Plaintiff objects to the Motion to Extend Time to Complete Discovery on the basis that the Defendants' medical expert, Dr. Saris, has already provided two (2) reports, dated August 3, 2007, wherein he states clearly and definitively his opinions in this matter, and particularly, his opinions that (1) the Plaintiff does not require surgery of any kind to her cervical or lumbar spine, (2) there is no evidence of significant, traumatic disc abnormality in any of Plaintiff's MRI films subsequent to the motor vehicle accident in December 2005, (3) the Plaintiff's injuries sustained in the motor vehicle accident are not permanent, and (4) any pain and suffering that Plaintiff is presently experiencing is not related to the motor vehicle accident of December 2005.

---

[1] The Defendants have filed a Notice of Appeal from Magistrate Almond's Order dated October 5, 2007 denying the Defendants' Rule 35 Motion for a Physical Examination.

Based on the opinions that have already been offered by Dr. Saris in his expert reports, the Plaintiff is hard-pressed to determine why an extension of discovery closure date is needed, in order to allow Dr. Saris to review the deposition transcript of Dr. Doberstein; particularly where Dr. Saris already has in his possession all of the medical records and reports of Dr. Doberstein concerning his treatment of the Plaintiff. Again, as stated previously, the Defendants' medical expert, Dr. Saris, does not condition or limit his opinions, as set forth in his reports dated August 3, 2007, to indicate that he requires additional information or examination of the Plaintiff in order to offer the opinions rendered. Accordingly, Plaintiff submits that the Defendants' Motion to Extend Time to Complete Discovery is without merit.

Based on the foregoing, your Plaintiffs submit that the Defendants' Motion to Extend Time to Complete Discovery should be denied.

Plaintiffs
By and Through Her Attorney,

/s/ Thomas A. Tarro, III

Thomas A. Tarro, III, Esquire #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have electronically filed a copy of the foregoing Objection on the 26th day of October, 2007, to:

Sharon Collins-Abbott, Esquire
LAW OFFICES OF AMY BERETTA
211 Quaker Lane
West Warwick, RI 02893

Steven B. Merolla, Esq.
Katherine A. Merolla, Esq.
Merolla & Accetturo
469 Centerville Road, Suite 206
Warwick, RI 02886

/s/ Thomas A. Tarro, III