UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SANDRA A. MITTON and | : | |
| GREGORY MITTON | : | |
| v. | : | C.A. NO.: 07-028S |
| | : | |
| KIM M. JOLLY and | : | |
| RICHARD E. SPENCER | : | |

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANTS' NOTICE OF APPEAL**

NOW COME your Plaintiffs and file the instant Response to the Defendants' Notice of Appeal from the Order of Magistrate Almond, dated October 5, 2007, wherein he denied the Defendants' Motion for Rule 35 Physical Examination of the Plaintiff, Sandra Mitton.

**STATEMENT OF FACTS**

This action arises out of a motor vehicle accident, which occurred on December 23, 2005. On said date, the Plaintiff, Sandra Mitton, was operating her vehicle and stopped on Hopkins Hill Road waiting for traffic coming from the opposite direction to ease to permit her to take a left-hand turn, when the vehicle operated by the Defendant, Kim Jolly, and owned by the Defendant, Richard Spencer, struck the Plaintiff's vehicle from the rear.

As a result of the collision, the Plaintiff sustained serious personal injury consisting primarily of left-sided neck, shoulder and back pain. She has been diagnosed with cervical disc herniations at multiple levels. She has undergone a course of conservative treatment to date consisting of physical therapy,

chiropractic care, medication and epidural steroid injections. She has been evaluated and treated by three (3) neurosurgerons, Dr. Michael Olin, Dr. Doberstein and Dr. Harrison. It is likely that the Plaintiff will require cervical disc surgery in the future to alleviate pain and discomfort that she now experiences in her neck. She is presently undergoing epidural steroid injections, which provide temporary pain relief, but do not have any long-term effect.

Relevant to the instant appeal, the Plaintiff has identified as experts expected to testify on behalf of the Plaintiff at trial, Dr. Michael Olin and Dr. Curtis Doberstein. Both doctors are treating physicians of the Plaintiff. The reports of Dr. Olin, dated January 31, 2007 and February 21, 2007 wherein he discusses the Plaintiff's need for surgery in the future, and particularly anterior cervical fusion, were produced to defense counsel as part of Rule 26 Disclosure on or about May 3, 2007. Further, Dr. Olin's anticipated testimony was set forth in Plaintiffs' answer to the expert interrogatory, which was supplemented on July 26, 2007 and September 27, 2007. Moreover, pursuant to Dr. Olin's office note dated March 28, 2007 – which was also produced to defense counsel as part of the Rule 26 Disclosure in May 2007 – Dr. Olin indicates Plaintiff's desire to consider surgical treatment as she can no longer tolerate her symptoms. The doctor notes that he will make a referral to Rhode Island Hospital Clinic to allow the Plaintiff to get an opinion and treatment there. The report of Dr. Doberstein, dated June 5, 2007 was produced to defense counsel as part of a supplement to Plaintiffs' Rule

26 Disclosure on or about July 20, 2007. Lastly, the report of Dr. Bruzzese was provided to defense counsel on August 10, 2007.

Discovery was originally set to close in this matter on September 10, 2007. However, Defendants filed a Motion to Extend the Discovery Closure Date up to and including November 10, 2007, which Motion was granted, in part, by the Court, pursuant to its Order, dated August 15, 2007.

Subsequently, on September 20, 2007, the Defendants filed a Motion for Physical Examination of the Plaintiff, Sandra Mitton, pursuant to Rule 35 of the Federal Rules of Civil Procedure. Plaintiff filed an Objection to the Motion on the grounds that the Defendants failed to specify "good cause" for the requested physical examination. Moreover, the Defendants failed to disclosure the manner, conditions and scope of the examination being requested. The matter was heard before Magistrate Almond on October 5, 2007.

At the hearing, the Court was presented with the reports of the Defendants' medical expert, Dr. Stephen Saris. In his report, Dr. Saris set forth clear, definitive opinions, as follows:

1. There were no lasting injuries as a consequence of the December 2005 MVA.
2. The treatments through April 2006 were reasonable and necessary. After that time, there was no indication for them.
3. * * *
4. Any treatment after April 2006 is not related in any way to the accident of December 2005.
5. There is no evidence of a significant, traumatic disc abnormality as a consequence of the December 2005 event.
6. No surgery is indicated on Ms. Mitton of any kind in regard to her cervical or lumbar spine.

(Reports of Dr. Saris, dated August 3, 2007, and marked Exhibit "1" collectively)

After hearing thereon, the court issued an Order denying the Defendants' Motion for Examination having found that the Defendant had not shown "good cause" for the examination. The court went on to note in its Order that Dr. Saris had already reviewed the Plaintiff's medical records; cervical, thoracic and lumbrosacral MRIs and cervical x-rays and cervical CT. Based upon that review, the Defendants' expert, Dr. Saris, was able to render definitive opinions as to the Plaintiff's physical condition and the lack of any need for cervical surgery. Moreover, the Court noted in its Order that <u>no where</u> in his report does Dr. Saris indicate the need to conduct a physical examination of the Plaintiff, in order to render his opinions. Lastly, the Court notes that the Defendants failed to adequately disclose the manner, condition or scope of the examination being requested.

On October 10, 2007, a Docket Text Order of Magistrate Almond was entered denying the Defendants' Motion for Physical Examination.

The Defendants filed a Notice of Appeal from the ruling of Magistrate Almond pursuant to L.R.C. v. 72(c) on October 19, 2007.

## <u>LEGAL ARGUMENT</u>

### <u>Standard of Review</u>

Review of an appeal of a Magistrate's Order on a non-dispositive matter is determined under the clear error or contrary to law standard. 28 U.S.C.

§636(b)(1)(A); *U.S. v. Raddatz*, 447 U.S. 667- 673, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604(1st Cir. 1980). A determination is clearly erroneous when after reviewing all the evidence, the court is left with the definite and firm conviction that the Magistrate Judge made a mistake. *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). This Court has recognized that "In conducting this review, the District Court must refrain from second guessing the Magistrate Judge's pre-trial discovery rulings." *Harvard Pilgrim Health Care of New England v. Thompson*, 318 F. Supp. 2d 1, 6 (D.R.I. 2004)

A. THE MAGISTRATE'S ORDER DATED OCTOBER 5, 2007, SHOULD BE AFFIRMED AND THE DEFENDANTS' APPEAL DENIED WHERE THE ORDER DOES NOT CONSTITUTE CLEAR ERROR AND IS IN ACCORDANCE WITH THE APPLICABLE LAW.

(1) The Defendants failed to establish "good cause" for the Rule 35 Physical Examination of the Plaintiff, Sandra Mitton.

At the hearing on the Defendants' Motion for Rule 35 Physical Examination, the Court considered arguments and written submissions of the parties in determining whether "good cause" existed to warrant ordering the Plaintiff, Sandra Mitton, to undergo a physical examination by the Defendants' medical expert, Dr. Saris. In this regard, the court took the matter under advisement after concluding the hearing, in order to review supplemental pleadings, which were presented to the court at the time of the hearing, and

specifically the two (2) Rule 26 Reports of the Defendants' expert, Dr. Saris, dated August 2, 2007[1] and Defendants' Reply Memorandum, to the Plaintiffs' Objection to the Motion for Physical Examination with the attached Affidavit or Dr. Saris, wherein he indicates that that purpose of the physical examination would be to obtain general history from the Plaintiff, Sandra Mitton, and conduct a general physical exam. He indicates that no further neurological testing would be performed on the Plaintiff by him.

At the hearing, defense counsel acknowledged when asked by the Magistrate that the purpose of the physical examination would be to determine whether the Plaintiff is a candidate for surgery (Transcript of hearing before Judge Lincoln Almond, dated October 5, 2007, p. 10, lines 2-10). Defendants' counsel further stated upon inquiry from the Court that the reports of Dr. Saris, dated August 3, 2007, were produced as part of the Defendants' Rule 26(a)(2)(B) Disclosure. (Id. at p. 16, lines 20-23, p. 20, lines 1-5).

For his part, Plaintiff's counsel argued that Dr. Saris has already had an opportunity to review, in detail, all of the Plaintiff's medical records, as well as all of the Plaintiff's MRI films and x-rays. Moreover, based on that review, Dr. Saris has provided two (2) reports, dated August 3, 2007 wherein he states his opinion, clearly and definitively, as follows:

1. There were no lasting injuries as a consequence of the December 2005 MVA.

[1] Although the reports of Dr. Saris are dated August 3, 2007, defense counsel provided copies to the Plaintiff just prior to the hearing beginning on October 5, 2007.

2. The treatments through April 2006 were reasonable and necessary. After that time, there was no indication for them.
3. * * *
4. Any treatment after April 2006 is not related in any way to the accident of December 2005.
5. There is no evidence of a significant, traumatic disc abnormality as a consequence of the December 2005 event.
6. No surgery is indicated on Ms. Mitton of any kind in regard to her cervical or lumbar spine.

Plaintiff's counsel went on to argue that in view of the fact that Dr. Saris has already had an opportunity to review all of the records, x-ray and MRI films and offered clear and definitive opinions, as set forth in his reports, dated August 3, 2007, there would be no purpose for him to conduct a physical examination of the Plaintiff, Sandra Mitton, other than to obtain information from her concerning historical medical history and information concerning the nature, extent and scope of the collision. Based thereon, there has been no showing of good cause to warrant the Court ordering the Plaintiff to undergo physical examination by Dr. Saris.

In its written Order, the Magistrate Court denied the Defendants' Motion for Physical Examination stating:

> "Although Ms. Mitton's physical condition is a matter 'in controversy' and Dr. Saris is a highly qualified neurosurgeon, Defendants have not shown 'good cause' for the examination. Dr. Saris has already reviewed Mr. Mitton's medical records; cervical, thoracic and lumbosacral MRIs; cervical x-rays and cervical CT; and on August 3, 2007, was able to render a definitive opinion as to Ms. Mitton's physical condition and the lack of any need for cervical surgery based on such information. * * * Dr. Saris' report does not indicate that an examination of Ms. Mitton is necessary to his opinion. Also, Defendants' vague representation that Dr. Saris will

> conduct a 'physical examination, including general neurological examination' of Ms. Mitton is not an adequate disclosure of the 'manner, condition and scope of the examination.'"

In the case at bar, Magistrate Almond, after hearing and reviewing the written submissions of the parties, determined that the Defendants failed to establish good cause to warrant the Court ordering the Plaintiff to undergo a physical examination.

The case law is clear, in that the granting or denial of a Motion for Physical Examination rests in the sound discretion of the trial court. *Coca Cola Bottling Company of Puerto Rico v. Negron Torres*, 255 F.2d 149, 353 (1st. Cir. 1958). Moreover, good cause under Rule 35, requires a greater showing of need than the relevancy already indicated by Rule 26(b) and can be gauged by the ability of the movant to obtain the desired information by other means. *Schlagenhauf v. Holder*, 379 U.S. 104, 118 85 S. Ct. 85 S. Ct. 234, 242-43, 13 L. Ed. 2d 152 (1964).

In denying the Defendants' Motion, Magistrate Almond determined that the Defendants failed to adequately demonstrate why its expert needed to examine the Plaintiff, when the Plaintiff's medical records and other information, including MRI films and x-ray films and reports had already been made available to the Defendant and its expert. More importantly, the Defendants' expert had already issued his opinion in his Rule 26 Reports, dated August 3, 2007.

In rendering its Decision, the Court's ruling in this regard is appropriate and does not constitute clear error nor is it contrary to the applicable law.

With respect to the latter, the Court's reliance on *Waite v. Noble Drilling*, 1996 W.L. 5060 *1, *2 (E.D. La.) was proper. Indeed, contrary to the Defendants' position in its Notice of Appeal, the Magistrate Judge's ruling denying the Defendants' Motion for Physical Examination is consistent with the court's ruling in *Waite*. In *Waite*, the basis for the court's denial of the Motion pursuant to Rule 35(a) seeking to compel the Plaintiff to submit to an arteriogram was based on the fact that the records and doctor's testimony submitted in connection with the Motion indicated that the medical experts were prepared, based on the examinations, tests and other information already available to them to offer well-supporting opinions as to the cause of the Plaintiff's problems. *Id*.

In this regard, the Plaintiff respectfully directs the court's attention to the matter entitled *Ex Parte Wal-Mart Stores, Inc.* 729 So. 2d 294, (Ala. 1999), wherein the Supreme Court of Alabama denied the Petitioner's Writ of Mandamus from the denial of its Motion for Physical Examination. In that case, a personal injury action had been filed against Wal-Mart Stores by an individual who alleged that his foot was injured as a result of battery acid leaking from a battery in the basket in front of his wheelchair, while he was shopping at the Wal-Mart store. As a result, the Plaintiff alleged that he suffered a continuing burning sensation in his foot.

Wal-Mart filed the Writ of Mandamus with the Supreme Court of Alabama after its Motion for Rule 35 Physical Examination was denied by the lower court.

Wal-Mart alleged that the examination was necessary and relevant to the issue of the medical cause of the Plaintiff's discomfort in his foot.

In making its ruling, the Supreme Court of Alabama noted that Wal-Mart's medical expert had already examined the Plaintiff's medical records and based on the records had given his opinion as to the cause of the burning sensation in the Plaintiff's foot. The Defendant's expert had already offered an opinion as to the crucial issue of the cause of the Plaintiff's discomfort in his foot. Therefore, the Alabama Supreme Court found that there was no demonstration of good cause by Wal-Mart to warrant an Order requiring the Plaintiff to undergo physical examination.

Likewise, in the case at bar, the Defendant has failed to establish good cause to warrant an Order requiring the Plaintiff, Sandra Mitton, to undergo physical examination by Dr. Saris. As in the cases previously cited, the Defendants' medical expert has in his possession all of the medical records concerning the Plaintiff, the x-rays and MRI films as well as copies of the reports related to the findings of said diagnostic testing. More importantly, Dr. Saris has already offered his expert opinion in his reports, dated August 3, 2007, wherein he states that the Plaintiff does not require cervical surgery, that there is no permanent injury as a consequence of the motor vehicle accident of December 2005, that any treatment that the Plaintiff received after April 2006 was not reasonable and not necessary and that there was no evidence of significant traumatic disc abnormality in any of her MRI films as a consequence of the December 2005 accident.

Accordingly, Dr. Saris' opinions are not conditioned on the need for physical examination. To the contrary, they are clear and definitive. There is no reason for Rule 35 examination of the Plaintiff. Plaintiff submits that the Magistrate's Order, dated October 5, 2007, denying the Defendants' Motion for a Rule 35 Physical Examination does not constitute clear error and is in accordance with the applicable law. As such, the Order the should be affirmed.

(2) <u>The Defendant has failed to supply adequate disclosure of the manner, conditions and scope of examination pursuant to Rule 35</u>.

As stated previously herein, Magistrate Almond found the Defendants failed to adequately disclose the manner, conditions and scope of examination in accordance with the requirements of Rule 35. Along these lines, upon inquiry on this subject at the hearing, Defendants' counsel indicated the scope of Dr. Saris' examination to be as follows:

> "I believe, I believe it is. But he would not be performing any such diagnostic testing. I believe that the scope of his examination, if I understand him correctly, is that it will be taking a general history from the patient, performing a general physical examination. Perhaps range of motion testing, but that would be it. There is no further neurological testing performed." (Transcript of hearing before Magistrate Judge Lincoln Almond dated October 5, 2007, pp. 11-12, lines 23-4)

Quite appropriately, in response to counsel's statement, the Court inquired further as to how that information was going to help Dr. Saris get to the issue of whether the Plaintiff was a candidate for surgery. In response, the Defendants' counsel indicated that included in the scope of the examination is whether or not there is anything revealed in the examination that would alter Dr. Saris' opinion

which he has already provided. (Id. at p. 13, lines 4-9). Your Plaintiff submits that the fact that Dr. Saris has already given his expert opinions, as set forth in his report, dated August 3, 2007, wherein he states that the Plaintiff does not require surgery of any kind, simply negates defense counsel's argument at trial as to the manner, condition and scope of the examination. Indeed, nowhere in Dr. Saris' report does he state that he requires additional information or an examination of the Plaintiff in order to offer his opinions. Moreoever, the need to obtain a general history and do a general physical examination of the Plaintiff, as relayed by defense counsel, fail to adequately set forth the manner, condition and scope of the examination in accordance with Rule 35. The Magistrate Judge properly recognized this in denying the Defendants' Rule 35 Motion.

(3) The Defendants' Notice of Appeal of the Magistrate Judge's Order should be denied where it is an attempt on behalf of the Defendant to further delay this matter.

Your Plaintiff submits that the Defendants' Appeal of the Magistrate Judge's denial of the Rule 35 Motion for Physical Examination is really an attempt on behalf of the Defendants to delay the trial of this matter and further extend the close of discovery. Along these lines, the Defendant argues in its Notice of Appeal that if the Rule 35 Motion is granted, Defendant requests an additional extension of the discovery deadline be allowed.[2] In its Motion, the Defendants are

[2] This request for extension of discovery closure date constitutes the second request made on behalf of the Defendants in this matter. As stated previously herein, the Defendant filed a Motion to Extend Discovery Closure Date from September 10, 2007 to November 10, 2007.

requesting an extension of time of almost two (2) months from November 10, 2007 to December 25, 2007.

From the outset, your Plaintiff submits that the Defendants' Motion for Rule 35 Physical Examination is untimely and should have been brought well before it was filed on September 20, 2007. It cannot be disputed that the Plaintiff, through counsel, has maintained throughout this litigation that the Plaintiff would require additional cervical surgery in the future. Indeed, this issue was clearly discussed when this matter was before the Court at Settlement Conference on August 15, 2007. As part of the Plaintiffs' Settlement Conference Statement, Plaintiffs clearly set forth future medicals in its Statement of Damages relative to the anterior cervical fusion well as future pain and suffering with respect to said surgery.

Your Plaintiff submits that defense counsel has had more than ample notice of the Plaintiff's position with respect to the need for surgery in the future. Despite this fact, the Defendant waited until September 20, 2007 to file its Motion for Rule 35 Physical Examination. This is the case despite the fact that defense counsel received its expert report from Dr. Saris, on or about August 3, 2007.

Due to the Defendants' delay in filing the Rule 35 Motion from the outset, the Defendants are now in a position where the discovery closure date is nearing, and Defendants are now seeking further extension of the discovery closure date from November 10, 2007 to December 25, 2007, if the Court allows the physical examination of the Plaintiff by Dr. Saris. [*Shumaker v. West*, 196 F.R.D. 454,

457-8 (S.D. West Virginia 2000) "* * * The court finds that Defendant's belated attempt to seek a Rule 35 Examination days before his expert disclosures were due failed to comply with Rule 26 of the Federal Rules of Civil Procedure.]

If a Rule 35 Examination was so crucial to the Defendants' case, the motion should have been made much earlier in this litigation. This court should not allow Defendants to further delay this matter, by and through the guise of the instant appeal of Magistrate Almond's appropriate and correct Order denying the Rule 35 Motion.

(4) <u>In the event that this Court reverses the Magistrate's Order, dated October 5, 2007 and allows the Rule 35 Examination of the Plaintiff, said examination should only be permitted if Plaintiff's counsel is allowed to be present and videotape the examination.</u>

In the event this Court reverses the Order of Judge Almond and allows the Rule 35 Physical Examination of the Plaintiff, Plaintiffs' submit that in view of the circumstances, her attorney should be allowed to be present for the examination and videotape the examination.[3] Plaintiff has been unable to find any case out of this court or the First Circuit Court of Appeals regarding the presence of an attorney at a physical examination. However, the body of law has been divided of three (3) categories of rulings on this subject.

The first category of rulings have banned the presence of counsel entirely [*<u>Kutner v. Urban</u>*, 2003 W.L. 22792239, *1 (Mass. Sup. 2003) "This category is

[3] Plaintiff respectfully submits that in making this argument, she in no way concedes that the Order of the Magistrate, dated October 5, 2007 should be reversed by this Court for clear error or error of law. This argument is only made out of an abundance of caution in order to respond to the Defendants' Motion on the subject matter.

almost exclusively seen in federal court, although it is by no means a unanimous view throughout the federal courts."]

The second category of rulings have allowed the presence of counsel on an automatic or relatively unhindered basis. These rulings emanate from states where there is a statute or Rule of Civil Procedure allowing third-party presence during the Rule 35 Examination. [See Ariz. R. Civ. P. 35(a) (Providing for the presence of a "representative" of the examinee during physical examination); Cal. Cod. Civ. Proc. §2032(b)(1) (providing for attorney presence, but not participation during physical examinations); Ill. Stat. ch. 735 §5/2-1003 (d) (providing for presence of examinee's attorney or other such person during physical exam); Mich. Ct. R. 2.311 (establishing that presence of attorney may be permitted through the Order permitting the examination); Okla. Stat. tit. 12 §3235 (d) (providing for the presence of examinee's "representative" during the examination); Pa. R. Civ. P. 4010 (4)(i) (providing for presence of examinee's attorney or other representative during examination)].

The final category of rulings allows presence of counsel at a Rule 35 Examination upon showing of good cause. See *Metropolitan Property & Cas. V. Overstreet*, 103 S. W. 3d 31, 38 (Ky 2003); *State Ex. Rel. Hess v. Henry*, 183 W. Va. 28, 393 S. E. 2d 666, 669 (W. Va. 1990); *Whanger v. American Family Mut. Ins. Co.*, 58 Wis. 2d 461, 207 N. W. 2d 74, 79 (Wis. 1973); *Simon v. Castille*, 174 So. 2d 660 (La. 1965).

In the case of _Kutner v. Urban_, 17 Mass L. Rptr. 49, 2003 WL 22792239 (Mass Suer. 2003), the Massachusetts Superior Court adopted the standard for allowing the presence of counsel at a Rule 35 Examination for good cause. In its Decision, the court analyzed the rationales given as to why certain federal jurisdictions have banned the presence of counsel at Rule 35 Examinations. Particularly, it acknowledged that the need for the doctor to have one-on-one communication with the examinee must be balanced against the possibility that the examination may become a "de facto deposition." Wright and Miller, *Federal Practice and Procedure §2236, P. 496 (2d Ed. 1994)* "[A] layperson should not be expected to evaluate the propriety of every medical question at his or her peril." 8A Wright and Miller, *Federal Practice and Procedure §2236, supra @ 500.*

Secondly, the _Kutner_ court recognized that although the Rule 35 Examination should not be adversarial, in nature, one must appreciate that the exam is conducted by a doctor, selected and compensated by the opposing party, and not the examinee, for the purpose of gathering evidence to support the examining doctor's opinions to be offered at trial; which undoubtedly will be contrary to those offered by the examinee's medical expert.

Thirdly, because a Rule 35 Examination is court-ordered to be conducted by a physician not chosen by the examinee, the presence of the examinee's attorney should mitigate any improper adversarial questioning or inquiry by the doctor at examination.

Lastly, allowing examinee's attorney to be present at the examination allows him or her a more full basis upon which to cross examine the physician conducting the examination, rather than leaving examinee's attorney to rely solely upon the doctor's report and what his or her client may recall about the examination.

In the case at bar, your Plaintiffs submit that this court should take the same position as the ***Kutner*** court, particularly, in view of the circumstances of this case where Magistrate Almond has already found that good cause has not been established by the Defendants to warrant a Rule 35 Examination. Indeed, defense counsel, by her own admission at hearing indicated that the only purpose for the Rule 35 Examination is to allow the Defendants' medical expert, Dr. Saris, to obtain history from the Plaintiff and to conduct a physical examination as to which Plaintiff's counsel could offer no real detail as to what that examination would consist of and why it is necessary.

Your Plaintiffs submit that based on the foregoing, there is a real need for Plaintiff's counsel to be present at the examination to mitigate any improper adversarial questioning by Dr. Saris concerning the Plaintiff's medical history and the circumstances surrounding the motor vehicle collision, itself.

## CONCLUSION

Based on the foregoing, the Plaintiff respectfully requests that this Court issue an Order affirming the Order of Magistrate Almond, dated October 5, 2007, and dismissing the Defendants' Notice of Appeal, in all respects.

Plaintiffs,
By and Through Their Attorney,

/s/ Thomas A. Tarro, III

Thomas A. Tarro, III, (#2046)
The Law Firm of Thomas A. Tarro III
Summit East – Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 – Fax

## CERTIFICATION

I, the undersigned, do hereby certify this 30th day of October 2007, which I have mailed a true copy of the within ***Plaintiffs Memorandum in Response to Defendants' Notice of Appeal*** to:

Sharon E. Collins-Abbott, Esq.
Law Offices of Amy Beretta
211 Quaker Lane
West Warwick, RI 02893

Katherine A. Merolla, Esq.
Merolla & Accetturo
469 Centerville Road, Suite 206
Warwick, RI 02886

/s/ Thomas A. Tarro, III